McDunn v. The City of Des Moines *et al.*

1. Municipal corporation: DEDICATION: TOWN PLATS. The recording of a town or city plat executed in proper form, operates to vest in the public an interest in the land set apart as streets thereon, and to estop the proprietor, or his grantee, from afterward claiming the same.

2. Adverse possession: CLAIM OF RIGHT. To constitute possession of real estate adverse, it must appear that the possession was exercised under claim of right.

3 Conveyance: VENDOR AND VENDEE: BREACH OF COVENANTS. That the title to real estate has in part failed, constitutes in the absence of fraud no sufficient ground for the purchaser to have the sale and conveyance avoided thereon.

4. —— EQUITY: INJUNCTION But in such case, equity will protect the purchaser by restraining the transfer of the notes to an innocent holder, to the end that the grantee may be enabled to plead the partial failure of title, as a partial defense to the note.

*Appeal from the Polk District Court.*

THURSDAY, JULY 25.

ACTION in chancery. The petition alleges that plaintiff purchased of defendant Susan Brazee certain land in the corporate limits of the city of Des Moines, for which she executed, to plaintiff, a deed of general warranty. To secure a part of the purchase-money remaining unpaid, he executed his notes and mortgage to said defendant. The land so purchased and mortgaged was one acre in quantity, and certain valuable improvements, consisting of a dwelling house, barn, etc., which are still upon the property. The defendant The City of Des Moines claims that there is a street on the south of plaintiff's said land, and covering a strip of forty feet in width on the south thereof, upon which plaintiff's improvements are situated, and plaintiff has been notified by the city attorney of such claim. The petition shows that the existence of said street is disputed

by defendant Brazee and her grantors, but the dispute in regard thereto plaintiff is unable to decide. It is alleged that, in case the legality of said street is sustained, plaintiff will suffer by the loss of the land and improvements which it covers, and that defendant Brazee is a married woman and irresponsible. The plaintiff avers that he has no wish to surrender said land, but, on the contrary, wishes to keep it, but shows that in case said street is by proper proceeding declared legal after he has paid the purchase-money, he will have no remedy for the loss he shall sustain. The relief prayed is that the city be required, in this proceeding to exhibit its title to said street, and that plaintiff's title to said strip of land be quieted against the city. But in case, upon the final hearing, the city's right to said highway be established, the contract of plaintiff with defendant Susan Brazee be rescinded, and the notes given by him be canceled and a decree be rendered in his favor for the amount of the purchase-money paid by him, with such other relief as equity will give.

Defendant Brazee, answering, admits the fact of the conveyance of the land to plaintiff, the execution of the notes and mortgage, and the claim of the city that the street covers a part of the land as set out in the petition, but denies plaintiff's right to the relief prayed for against her. The city of Des Moines sets up the legal existence of the street, in an answer and cross-bill, and prays that the same may be so declared in the final decree of the court. The allegations of the cross-bill are denied by defendant Brazee, and she alleges that the city is barred of its right in and to the street by the statute of limitations. A like defense to the claim of the city, is set up by plaintiff in an amended petition.

Upon the final hearing a decree was entered quieting plaintiff's title and right to the strip of land as against the city and its claim that the same is a street, and dismissing

plaintiff's petition as against defendant Brazee and the cross-petition of the city against her and plaintiff. The city and plaintiff both appeals.

*W. H. McHenry* for the city.

*Bannister & Phillip, Goode & St. John* for Brazee.

*M. D. McHenry* for McDunn.

BECK, Ch. J. — I. The first question that demands our attention involves an inquiry as to the legal existence of the street in controversy. The facts are these: The land in question was part of a tract, or several tracts, laid off into town lots in 1857, as an addition to the city of Des Moines. The legal title was held in trust by Dr. Brooks, for himself and others. At that date a plat of the land was made, dividing it into blocks, and streets separating them. The most northerly street was called "Brooks street." North of it were two blocks, numbered 1 and 2. There was a sale of this land, and Brooks bought block 1, and Smith, number 2. Brooks then bought of Smith block 2, agreeing to give him for it an acre of ground situated, as we understand the record, west of and adjacent to block 2, if, in fact, it did not cover a part of that block, and bounded on the south by the half-section line which ran in the center of Brooks street. Block 1 was immediately east of block 2. Brooks owned all the land covered by the plat north of the half-section line in the middle of the street. After this, these blocks, 1 and 2, were struck off of the plat, and it was recorded in that form. The plat shows Brooks street to be laid along the half-section line *just* mentioned, that line being in the center of the street, which is eighty feet wide. When the plat was recorded the land in question was unfenced. Brooks, after the plat was recorded, in carrying

1. MUNICIPAL CORPORATION: dedication: town plats.

out his agreement for the purchase of block 1 with Smith, offered to convey him the acre of land, describing it as bounded on the south by the half-section line. Smith refused to accept it on the ground that forty feet on the south of the land described ·in it was a part of Brooks street. Thereupon Brooks executed to him a deed, describing the acre so as to exclude the street. Block 2, as we understand the record, is the property of plaintiff. Brooks fenced it up soon after the plat was recorded, placing the fence upon the half-section line in the center of the street.

The plat recorded by Brooks operated to vest in the public an interest in the land set apart as streets, and to divest him of the title thereto. Rev., § 1021. (There is no objections made to the sufficiency of the plat, or the regularity of the proceedings admitting it to record). There can be no doubt of the correctness of this conclusion. Brooks owned the land on which "Brooks street" was located ; this is so of that on the north side of the half-section line ; he caused the street to be laid off thereon, the plat indicating that forty feet thereof is upon the north side of the half-section line. It is just as completely dedicated to the public, as indicated by the map, as any other street in the addition. The fact that no blocks were laid off on the north of the street is no reason for holding that the street is less than eighty feet in width. It was certainly within Brooks' power to make the street, bounding the addition, eighty feet wide, if he owned the land it covered, even though he laid off no lots on one side of it. This he did, and these are the real facts of the case.

II. It is claimed by plaintiff that, admitting the street was laid off, and the land, over which it passes, dedicated 2. ADVERSE POSSESSION: claim of right. by the recorded plat, the right of the public is barred by the statute of limitation. Brook's possession dates prior to ten years before the commencement of the action. But there is an utter absence of proof

that he held the land under claim of right adversely to the public. Unless he so held it, the statute will not run during his possession. The only facts elicited by the evidence on this point are, that he declared his intention to fence the land up to the half-section line, and did so inclose it afterward; but there is no evidence of any adverse claim of right or title thereto. Brooks conveyed the land in 1864, to plaintiff's grantor, Brazee, who thereupon went into possession of the property. The possession of plaintiff and her grantor, though it may have been adverse under a claim of right, has not continued for ten years. The statute, therefore does not protect them.

III. Having reached the conclusion that there is a legally established street upon the land in question, we are led to inquire in regard to the claim for relief made *3. CONVEY-ANCE: vendor and vendee: breach of covenants.* by plaintiff, which is, that the contract of sale and the deed made by Brazee, be avoided and set aside, and judgment be rendered against her for the amount of the consideration she received.

In our opinion, the evidence fails to establish fraud upon the part of Brazee, or that any undue advantage was taken of plaintiff in the transaction. The probability of the street being declared legal and opened through the lot was spoken of by Brazee or her agents, during the negotiations for the sale to plaintiff. Whatever was said upon the subject, and as to the rights and remedies of the owner of the property, in case the street should be finally opened, did not serve to deceive or mislead plaintiff. Neither can it be claimed that the deed was executed through accident or mistake. It is simply a case where the grantor conveyed lands in good faith, warranting the title, which, it has since been discovered, has failed as to a part of the property. To authorize the relief claimed, it should be shown that there are elements of fraud, accident or mistake in the transaction. 2 Story's Eq., § 694, *et seq.;* 1 id., §§ 161, 439. The case is not of the character to demand that the

deed be set aside. Plaintiff may have a complete remedy in damages, which will be awarded him in the proper action, for the injury he may sustain.

IV. But the case presents another ground of equitable relief. Mrs. Brazee is shown to be a married woman, and irresponsible. She holds plaintiff's notes and mortgage for a part of the consideration of the land. If these are transferred to an innocent holder, plaintiff may suffer irreparable injury. If she attempts to enforce them, plaintiff may plead, as a defense, the defect in his title acquired from her. Such being his right, equity will provide a remedy by restraining the transfer of the notes and, having thus acquired jurisdiction, will grant, in this case, full relief, consistent with the case made in the petition. But we have not before us data sufficient to determine the precise rights of the parties, and the exact relief that ought to be given. The value of the lands and improvements covered by the street, and the value of the land not covered thereby, the right of plaintiff to remove the buildings, and if he possesses such right, whether he may be compelled to exercise it, and if so, the value of such buildings, etc., are facts and questions not before us in the record, and upon which, therefore, we cannot pass. The prayer of the petition will cover the relief here suggested, but the view of the law taken by the court below, as well as that taken by plaintiff, sufficiently accounts for the fact that the matters necessary to be determined, in order to award that relief, were not presented in the case. In order that justice may be done, and to the end that equity may retain jurisdiction of the case until the rights of the parties are fully and completely settled, the judgment of the district court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion. The parties will be permitted to introduce evidence upon the points herein suggested and others, in order to enable the court, by an appropriate decree, to award the proper relief herein pointed out.                    Reversed.

*4. —— equity: injunction.*