## McDUNN v. THE CITY OF DES MOINES ET AL.

**Damages:** MEASURE OF: WARRANTY. Where, after a purchase of real estate with covenants of warranty, a part was adjudged to belong to the city for use as a street, and the city has offered to permit the grantee to remove the improvements thereon, he cannot recover from his grantor the value of such improvements, but is entitled to the possession of the same.

*Appeal from Polk District Court.*

THURSDAY, SEPTEMBER 24.

THIS cause was consolidated with the case of *G. H. Cowley v. John McDunn*, in the court below, and they were tried together. They are so heard and determined in this court. The whole controversy is narrowed to the single question of the true measure of damages on breach of covenant of warranty. Cowley sues to foreclose a mortgage for $1200, part consideration for an acre and a fraction of land and improve-

ments, the whole consideration being $1700. Forty feet of the entire length along one side of the land has been taken by the city of Des Moines, by paramount title, for a street, and McDunn has been evicted. This is set up as a cross action. The court below allowed McDunn $500, as of the date of trial, and gave Cowley the improvements. McDunn appeals.

*M. D. McHenry*, for appellant.

*Bannister & Phillips* and *Goode & St. John*, for appellee.

Cole, J.—This case was before this court at a former term, and all the material questions between the parties were then settled and adjudicated, except the measure of damages to McDunn for the loss of the title to a part of the land there adjudged to the city of Des Moines as a street. See the case reported in 34 Iowa, 467.

The facts are briefly these: May 19, 1870, McDunn purchased of Susan Brazee the real estate in controversy, recognized by the parties here as containing one acre and one-fifth, for $1700; he paid part down and gave his notes for $1200, and a mortgage on the property to secure their payment. Cowley procured the notes with full knowledge of the facts, and brought his action to foreclose the mortgage. Afterwards, and in the case cited *supra*, it was adjudged that forty feet along one side of the lot belonged to the city of Des Moines for use as a street, at the time of the sale to McDunn. The house, barn, well and some fruit trees were situated on this forty feet. McDunn filed his claim for improvements, under the occupying claimant law; but the city released all claim to the improvements and consented to their removal. McDunn has therefore only lost the forty feet strip of land and the cost of replacing the improvements upon the land left to him, together with the depreciation consequent thereon. This is the extent of his eviction; and he must keep his purchase so far as he can, and may only abandon that taken from him by the paramount title.

For the forty feet strip taken from him, which it is agreed is the one-sixth part of the area of the whole, he is entitled to

a *pro rata* reduction, at the contract price, and as at the date of the purchase. This would be $283.33. The cost, as shown. by the testimony, of moving house $30, barn $10, fence $5, trees $5, value of well $20, to which may be added deterioration thereby $146.67, aggregates $216.67, or a total of $500. This sum will be deducted from the amount of the notes as at their date, May 19, 1870, which leaves the principal $700, instead of $1200. The plaintiff, McDunn, is entitled to and will retain the improvements. Under all the circumstances of the litigation between Cowley, McDunn, Brazee, and the city of Des Moines, and the conduct of plaintiff's attorney therein, we are satisfied that McDunn is not entitled to recover anything for attorney's fees paid or incurred by him; nor as between him and the Brazees, should he pay any costs of the litigation with the city; but he will pay all costs in the action by Cowley against him, and will recover of Cowley the costs of this appeal. If the estimate of the quantities in the whole lot and that taken for a street are not accurate, or not now satisfactory to the parties, a referee will be appointed to ascertain and report the same accurately, and a judgment will be rendered upon the above basis, either here or on remand to the court below, at the election of Cowley.

REVERSED.