SOLBERG v. THE CITY OF DECORAH ET AL.

1. **Title**: PRESCRIPTION. To establish a title by prescription possession must have been taken and continued for ten years under color of title or claim of right.

2. **Estoppel**: CITY: INCLOSURE OF A STREET. That a city permitted a street which had not been opened to be partially inclosed and occupied for sixteen years by the owner of abutting property would not estop it to assert its ownership in the land inclosed.

*Appeal from Winneshiek Circuit Court.*

TUESDAY, OCTOBER 26.

THE petition alleges that the city of Decorah was incorporated as a city of the second class in 1871, and that previous

to that time it claimed to be an incorporated town, having been incorporated in 1857. That the defendant, S. B. Ervin, is the street commissioner and marshal. That plaintiff is the owner of the following premises in said city, to-wit: Commencing at the north-west corner of lot 5, in block number 28, in the village of Decorah, Iowa, thence running south along the line of State 123 feet, thence west 66 feet, thence south 207 feet, thence east 157 feet, thence north 330 feet to. the south line of Broadway, thence west 91 feet to the place of beginning. That said premises are situated on the east side, and south of State street, which, on the plat of the town of Decorah, extends 123 feet south from the south line of Broadway, and makes no connection with any other street or alley on the south, but terminates at the south line of the premises of plaintiff lying south of said street.

That that part of State street lying south of Broadway has never been opened, and has never been used as a public street, and the use of the same is not necessary for the public convenience.

That some sixteen years ago the parties owning the premises now owned by plaintiff and herein described, and the parties owning lots upon the opposite side of State street, inclosed that part of State street lying south of Broadway by building a fence along the south line of Broadway, and that said part of State street has been inclosed in the premises of this plaintiff and said other parties ever since, with the knowledge and consent of the city of Decorah.

That plaintiff and the parties under whom he claims and derives his title have held free and undisturbed and adverse possession of the east half of said State street, lying south of Broadway, for the period of sixteen years or more, and have used and occupied said premises, and said use and occupation has been with the knowledge and consent of the town and city of Decorah.

That while thus occupying the part of said street the plaintiff and those under whom he claims, with the knowledge of the city and town of Decorah, have made improvements thereon of the value of $1,000.

That some sixteen years ago one A. Bradish, being the owner of lot 5, in block 28, built a house thereon and in the erection thereof extended it about thirteen feet upon State street, and said building has remained upon said lot and street ever since, and now occupies the same, and has been used and occupied by plaintiff and the parties under whom he derives his title ever since, with a knowledge of the town and city of Decorah.

That plaintiff and those under whom he derives title have planted trees and shrubbery upon said premises and made other improvements of the value of $500.

That such occupation of State street has been open and notorious, and with the knowledge and assent of the city for more than ten years.

That the town of Decorah never accepted the dedication of said street, and the same was not accepted until 1871 by the city of Decorah.

That the city of Decorah has passed a resolution ordering said State street to be opened from the south side of Broadway to the end of State street, 123 feet south of the south line of Broadway, and has directed the defendant Ervin, as the street commissioner or marshal to open the same, and he is about to proceed to open said street and to tear down the building of plaintiff situated thereon, and to tear down his fences, and destroy his trees and shrubbery, without giving plaintiff a reasonable time to remove the same or to protect his interests therein.

That no parties would be benefitted by the opening of said street.

That the city of Decorah, by reason of its acts in thus allowing the occupation of the premises by plaintiff and his grantors, is estopped from claiming the premises. Plaintiff asks an injunction to restrain the city from disturbing him in the use of the premises, and that, on the hearing, the injunction be made perpetual.

Upon this petition a temporary injunction was issued.

Afterwards the defendants demurred to the petition for the

reason that the facts stated do not entitle plaintiff to the relief demanded.

The demurrer was sustained, and the injunction dissolved. Plaintiff appeals.

*G. W. Patterson*, for appellant.

Allegations distinctly made in the petition, and not denied, are to be taken as true. (*Lyon v. Northup*, 17 Iowa, 314.) Municipal corporations are within the statutes of limitations. (Dill. on Mun. Corp., 517; *Pella v. Scholte*, 24 Iowa, 283; *Cincinnati v. Evans*, 5 Ohio St., 594; *Nor. Hempstead v. Hempstead*, 2 Wend., 109.) While cities cannot aliene public streets, yet there may grow up private rights respecting them of more persuasive force than those of the public. (Dill. on Mun. Corp.) If a city allows a private individual to use a portion of a street for sixteen years, and make valuable improvements upon it, it is estopped to deny the extinguishment of its own right thereto. (*Beardslee v. French*, 7 Conn., 125; Dill. on Mun. Corp., 517.)

*C. Wellington*, for appellee.

The law presumes that one in possession without title intends to hold for the owner. (Tyler on Ad. Enjoyment, 860; *Grube v. Wells*, 34 Iowa, 148.) Possession to be adverse must be under claim of right and not enjoyed as an indulgence, or under any compact short of a grant. (*Gayetty v. Bethune*, 14 Mass., 53; *McDunn v. City of Des Moines*, 34 Iowa, 467.) Adverse possession by several successive persons must be continued by a regular chain of privity between them to be an entry. (*Simpson v. Downing*, 23 Wend., 316; *Clarke v. Hughes*, 13 Barb., 147.) As a municipal corporation does not own its streets it cannot aliene them, nor can any laches of its officers have this effect. (Dill. on Mun. Corp., § 533.)

DAY, J. — I. The petition omits to state one fact essential to the establishment of a title by prescription. It does not aver that the possession was taken, or that it has been con-

Solberg v. The City of Decorah.

tinued, under color of title or claim of right. It simply states that sixteen years before the commencement of the suit one A. Bradish, who owned lot 5, abutting upon the street, fenced a portion of the street, and erected a house extending partly upon it. The plaintiff does not show when he derived title to the abutting lots, nor that he ever procured a conveyance of any interest in the street in question. It does not appear that the conveyance, under which he claims, gave him color of title to the street; and if it did, the petition does not show that his possession has continued for ten years. The case falls very fully within the principle of *McDunn v. The City of Des Moines*, 34 Iowa, 467. See also *Grube v. Wells*, Ib., 148, and cases cited.

II. The facts averred as constituting an estoppel are equally

2. ESTOPPEL: deficient and unavailing. It does not appear that city: inclo-sure of street. the plaintiff was ignorant of any material fact, nor that the defendant made any representation or concealment. All that appears in the case is that those under whom plaintiff derives title to the abutting property fenced up a part of the street, and that they and plaintiff have held possession for sixteen years, without any protest or expressed dissent upon the part of the city. The city simply remained passive, nothing more. It did not induce the adjoining owners to fence the street. It did no act to lead them to believe that it would not, when it saw proper, insist upon the right to have the street opened. Surely it cannot be claimed that, because it merely indulged the adjoining owners in the use of a portion of the street for a time, it has estopped itself to insist upon its own rights therein. It will not do to say that a party can preserve his rights only by being a churl. See Bigelow on Estoppel, page 430. The demurrer was properly sustained.

AFFIRMED.