## Hendrix v. Sampson et al.

DESCENTS.—*Interest of Surviving Second Wife Without Children, in Land of Husband, Sold on Execution.—Life-Estate.—Statute Construed.*—Under sections 24 and 27 of the statute of descents, the surviving childless second wife of a deceased husband, who has left children by a previous wife, is entitled to a life-estate only in one-third of the lands of such husband, acquired by him during such second marriage, and sold, during his lifetime, on execution issued upon a judgment against him, to which said wife was not a party. WORDEN, J., dissented.

Hendrix *v.* Sampson *et al.*

SAME.—*Proviso of Section* 24.—Although the body of section 24 of the
statute of descents treats solely of the descent of the personal property of
a deceased husband, the proviso thereof refers exclusively to the descent
of his lands, where he has left a childless second wife and children by
a previous marriage.

From the Clay Circuit Court.

*S. W. Carter, S. D. Coffey* and *W. W. Carter,* for appellant.

*G. A. Knight, C. H. Knight, I. M. Compton* and *C. E. Matson,* for appellees.

HOWK, J.—In this action, the appellant sued the appellees, to obtain the partition of certain real estate, particularly described, in Clay county, Indiana.

In her complaint, the appellant alleged that John Hendrix, Sr., died testate, on the — day of ——, 1875, leaving the appellant, as his widow, surviving him; that, during the marriage of the appellant and said John Hendrix, deceased, he was the owner in fee of the said real estate, which he acquired during his marriage with the appellant; that, in 1862, a judgment was rendered in the Clay —— Court, and said real estate was sold upon execution against the said John, by the sheriff of Clay county, to one D. C. Stunkard, who had since conveyed a portion of said real estate to the appellees, who then owned two-thirds of said real estate; and that the appellant was the owner in fee of the other one-third of said real estate, having never joined with her said husband in the conveyance thereof. Wherefore, etc.

The appellees answered in two paragraphs, in substance as follows:

1. A general denial; and,

2. That the appellant was the widow of the John Hendrix mentioned in her complaint, by his second marriage; that, at his death, the said John Hendrix left children, surviving him, by a former marriage; and that he

had no children by his marriage with the appellant. Wherefore the appellees said that the appellant was entitled to a life-estate only in the lands described in her complaint, and not to an estate in fee-simple, as she claimed.

A demurrer for the want of facts was filed by the appellant to the second paragraph of the appellees' answer, but it was never decided, and no reply was ever filed to said second paragraph of answer.

The record contains a special finding of facts and conclusions of law thereon, in substance as follows :

" Upon the request of the parties thereto, the court finds separately the facts to be as follows, to wit :

" First.    That John Hendrix, deceased, was, at the time of his death, the husband of the plaintiff herein, and that, during his said marriage, the said John Hendrix was the owner in fee of the lands described in the plaintiff's complaint, and that said lands were acquired and purchased by the said John, after he and plaintiff were married ; that said lands were sold by the sheriff of Clay county, Indiana, upon a judgment taken against said John during said marriage, and a deed made by said sheriff to one David Stunkard, who has since conveyed different parcels to the above named defendants, the plaintiff at no time having been a party to said judgment or any of said conveyances ; that said plaintiff was, at the time of said judgment and sale, the second wife of the said John Hendrix, who died without issue by the plaintiff, but left surviving him children by a former marriage, who are still living ; that said lands are indivisible, as set forth in plaintiff's complaint ; that plaintiff and deceased, John Hendrix, were married on the — day of ———, 1849, and lived together as husband and wife to the time of said John's death, which occurred on the — day of ———, 1875.    The said plaintiff is now of the age of seventy-five ; and her life-estate in said lands is of the value of $125.

" Upon the above and foregoing facts, the court finds, as conclusions of law, as follows, to wit:

" That the plaintiff, Joanna Hendrix, is entitled to a life-estate in one-third of the land described in the complaint, and is not entitled to a fee-simple interest therein, and that said land is not susceptible of division; and, when sold, the plaintiff shall be entitled to receive $125 of the proceeds. To which conclusions of law, the plaintiff at the time excepted."

Judgment was then rendered by the court, in accordance with its conclusions of law, for the sale of said real estate, upon the terms and conditions prescribed by the court; and a commissioner was appointed to make such sale, etc.

In this court the only error assigned by the appellant is, that the circuit court erred in its conclusions of law.

It is earnestly insisted by the appellant's counsel, that, under the facts found by the court in this case, the appellant was entitled to the one-third part of the lands described in her complaint, in fee-simple, instead of the life-estate in the one-third of said lands, which the court found, in its conclusions of law, she was only entitled to. It would seem to be certain, that if John Hendrix, the appellant's husband, had been the owner of said lands, in fee-simple, at the time of his death, the one-third part of said lands would, under the facts found by the court, have descended to the appellant as his wife or widow, only for and during her natural life, and would, " at her death, descend to his children." In such a case, the appellant's title to, and the extent of her interest in, such lands would have been fixed and determined by and under the proviso in section 24 of the statute of descents, to the effect " That if a man marry a second or other subsequent wife, and has, by her, no children, but has children alive, by a previous wife, the land which, at his death, descends to such wife, shall, at her death, descend to his children." 1 R. S. 1876, p.

412. This proviso has often been considered by this court, and it has been uniformly held, that, where a man dies leaving, surviving him, a second or other subsequent wife, by whom he has no children, but has children alive by a previous wife, such surviving wife would be entitled to a life-estate only in the one-third of the lands of her deceased husband. *Martindale* v. *Martindale*, 10 Ind. 566; *Ogle* v. *Stoops*, 11 Ind. 380; *Rockhill* v. *Nelson*, 24 Ind. 422; *Louden* v. *James*, 31 Ind. 69; and *Longlois* v. *Longlois*, 48 Ind. 60.

In the case now before us, however, it appears from the court's special finding of facts, that, at the time of his death, the said John Hendrix was not seized of any estate or interest in the lands described in the appellant's complaint. Indeed, the appellant admitted by the averments of her complaint, that the lands in question had been sold away from said John Hendrix, by the sheriff of Clay county, upon an execution issued on a judgment rendered against him in 1862; and the court found that, on such sale, a deed was made by the sheriff conveying said lands to the purchaser thereof, from whom the appellees derived their titles thereto. Upon these facts, it is claimed by the appellant's counsel, as we understand them, that the appellant takes her interest or share in the lands, described in her complaint, under section 27 of the act regulating descents, etc., not as an heir of John Hendrix, deceased, but by virtue of the marriage relation which had existed between them, and that she takes just what that section gives her, without regard to any of the provisions of any other section of the statute of descents. In said section 27, it is provided as follows:

"A surviving wife is entitled, except as in section seventeen excepted, to one-third of all the real estate of which her husband may have been seized in fee-simple, at any time during the marriage, and in the conveyance of which

she may not have joined, in due form of law," etc. 1 R. S. 1876, p. 413.

It is earnestly insisted on behalf of the appellant, that, under this provision of the statute, she became entitled, as surviving wife, upon the death of her husband, to one-third of the land described in her complaint, in fee-simple, and not for and during her natural life. The question presented for our decision, by the record of this cause, is by no means free from difficulty; but we can not, in view of the former decisions of this court bearing on the statute of descents, approve of or adopt the construction which the appellant's counsel ask us to give the statute, as applicable to this case. This court has often decided, as we have seen, that the childless second or other subsequent wife of a deceased husband, who has children alive by a previous wife, would take a life-estate only in that part of the lands owned by her husband at the time of his death, which descended to her. While this rule of descent would seem to be settled, we are asked to decide in this case, that, in lands which had been owned by the husband at some time during the existence of the marriage relation, but which had been conveyed away from or by him, during his life-time, in such manner as that his wife was in no sense a party to the conveyance, and as to which the husband was not, at the time of his death, seized of any title, interest or estate therein,—the childless second or other subsequent wife of the deceased husband, who had children alive by a previous wife, would take and be entitled to the one-third in fee-simple of such lands, as against the grantee in such conveyance and those claiming under him. Holding, as we must, under the statute of descents and the construction placed thereon by the decisions of this court, that such second or other subsequent wife would take only a life-estate in the lands which her hus-

band actually owned at the time of his death, it would be an anomaly in judicial decision, as it seems to us, if we should also hold that she would take an estate in fee-simple in lands which her husband, at the time of his death, did not own, but which were then owned by parties claiming under conveyances from or by him, executed during the coverture, but in the execution of which she had not joined.

It is said in argument, by the appellant's counsel, that "the 24th section has nothing whatever to do with the 27th section" of the statute of descents. This may be true, in so far as the body of the 24th section is concerned; but the proviso in the 24th section, we think, has a great deal to do with the 27th section, and every other section of the statute regulating descents, which has reference to the rights of a surviving wife in the lands of her deceased husband. This proviso would seem to be entirely out of place in said section 24, where it is found; for, while the body of the section has exclusive reference to the division of the personal property of an intestate, among his widow and children, the proviso in said section is absolutely silent on the subject of the personal property of the decedent, and defines the rights of a childless second or other subsequent wife of a decedent, who has children alive by a previous wife, in the lands of her deceased husband. It seems to us that this proviso was intended to prescribe, qualify and limit the rights of a surviving second or other subsequent wife, in the case specified in said proviso, in the lands only, and not in the personal property, of her deceased husband.

Under and by virtue of the sheriff's sale and conveyance of the lands described in the complaint, the purchaser and grantee thereof took the absolute title and estate of John Hendrix therein, subject to the appellant's inchoate estate in the one-third part thereof, for and during her natural life. It appears from the record of this cause, that, at the date

of the said sheriff's sale and conveyance of said lands, the appellant was at least sixty years of age and childless, that she was not the first wife of said John Hendrix, and that he then had children alive by a previous wife. These facts existing at that time, the purchaser at such sale had the right to assume that, by the sheriff's sale and conveyance of said lands, he would acquire all the title and estate of said John Hendrix in said lands, subject to the appellant's possible estate for her life therein, if she should survive her husband. In conclusion, therefore, we are of the opinion, that, under the provisions of the statute of descents, and the construction placed thereon by the decisions of this court, the court did not err in its conclusions of law upon its special finding of facts.

The judgment is affirmed, at the appellant's costs.

Petition for a rehearing overruled.

## DISSENTING OPINION.

WORDEN, J.—I can not concur in the conclusion reached by a majority of the court, and, without taking much time or space for elaboration, will state briefly the ground of my dissent.

The 27th section of the act on the subject of descents provides that "A surviving wife is entitled, except as in section 17 excepted, to one-third of all the real estate of which her husband may have been seized in fee-simple, at any time during the marriage, and in the conveyance of which she may not have joined, in due form of law," etc.

The case here is exactly the case provided for by the above section. The plaintiff is the surviving wife, and she has not joined in any conveyance of the land, though it passed from her husband in his lifetime; and, as I think, she is entitled to one-third of it in fee. Under this section, she does not take by descent from her hus-

band, but by virtue of her marital rights. The fee was substituted for dower. *May* v. *Fletcher*, 40 Ind. 575.

Section 17 of the act provides that "If a husband die testate, or intestate, leaving a widow, one-third of his real estate shall descend to her in fee-simple, free from all demands of creditors: Provided," etc.

This section contemplates cases where the husband dies seized of the land, and provides that one-third of it, except as provided in the proviso, not necessary to be here noticed, "shall descend" to the widow.

The proviso to the 24th section is as follows: "That if a man marry a second or other subsequent wife, and has, by her, no children, but has children alive, by a previous wife, the land which, at his death, descends to such wife, shall, at her death, descend to his children."

This proviso, in my opinion, applies only in cases where the husband dies seized of the land. This is shown by the language of the proviso, taken in connection with the other sections of the statute. By its terms, it applies only to cases where the land "descends to such wife." This is the case where the husband dies seized, as provided for by the 17th section; but this is not the case under the 27th section. A leading object of the proviso is, to cast the descent upon the children of the husband. The language is, "the land which, at his death, descends to such wife, shall, at her death, descend to his children." The proviso can not be carried out, and, in my opinion, was not intended to apply, in cases where the land had been parted with by the husband, or had been sold on execution against him; for, in such case, the third could not descend to his surviving wife, nor could that third, at her death, descend to his children.

I am of the opinion that the Legislature did not intend, by the proviso to the 24th section, to limit the right of a

second or other subsequent wife to a life-estate only in one-third of the land, in cases where it had been sold by the husband in his lifetime, or had been sold on execution against him, so that his heirs could take nothing in it after the death of the surviving wife; but only in cases where his heirs would take the third after the death of the surviving wife.

NIBLACK, J.—I concur in the foregoing dissenting opinion.