It is true, that the pleading avers that "no summons was ever issued by the clerk of the court under the seal of the court;" but, as this is precisely what the appellant's motion admits, there was no issue presented. In other parts of the pleading it is alleged that "no valid summons was issued or served." This is an insufficient allegation, because it is a mere negative pregnant. The negation implies the service of a writ invalid only because it lacked a seal. Pomeroy Remedies, sec. 618.

The court erred in striking appellant's motion from the docket, but did not err in striking out the appellees' answers.

Judgment reversed, at costs of the appellees.

No. 7614.

CHISHAM ET AL. *v.* WAY ET AL.

PARTITION.—*Sale of Real Estate.—Disposition of Proceeds.*—Where real estate, in a proceeding for partition, is sold, the court should order the proceeds to be divided among the parties, according to their respective interests.

SAME.—*Erroneous Order.—How Cured.—Trustee.—Widow.*—A. died seized of certain real estate, leaving a widow, by whom he had no children, and two children by a former wife, and such real estate, in a proceeding for partition, was sold.

*Held,* that where the court appointed a trustee to take charge of one-third of the proceeds of said sale for the benefit of the widow, and

afterward erroneously ordered said fund to be paid to her, but the record is not in a condition to enforce such order, equity will retain the fund in the hands of the trustee, to be rightfully divided on the application of any party in interest.

PRACTICE.—*Appeal.*—*Record.*—*Complaint.*—Where the record shows that an amended complaint was filed in the court below, but such amended complaint is nowhere found in the record, no question thereon is presented on appeal to the Supreme Court.

From the Orange Circuit Court.

*J. Baker*, for appellants.

*M. B. Williams*, for appellees.

BEST, C.—This action was brought by the appellants, against the appellees. A condensed statement of the facts, as disclosed by the answer and reply, is necessary in order to understand the questions involved.

It appears that one Anderson Way died intestate, seized of certain real estate in Orange county, Indiana, leaving Jesse Way and Louisa Sanders, his only children by a former wife, and leaving Nancy Chisham, his widow, by whom he had no children. Afterward, at the ⸺ term, 1865, of the Orange Circuit Court, said Jesse and Louisa commenced a suit against said Nancy for the partition of said land, alleging that they each owned the undivided one-half thereof, subject to her life-estate in one-third of it, and averring its indivisibility. The said Nancy filed an answer, averring that the land could not be divided, and asking the appointment of a commissioner to sell it; David Jones was appointed, and, at the October term, 1865, reported that he had sold it to said Nancy. This sale was confirmed, and John Laswell was appointed, by the court, a trustee to take charge of the one-third of the proceeds of said sale. Afterward, and on the 3d of November, 1865, the one-third of the net proceeds of said sale were paid by the commissioner to said trustee, and he, on the same day, loaned the same to said Nancy, who gave her note, payable one day after date, with John Sanders and William B. Chisham, her co-appellant, as her sureties. Af-

terward, and at the February term, 1867, the commissioner reported the purchase-money fully paid, and the court ordered a deed made, and one-third of the money paid to said Nancy, and the balance to said Jesse, who had, before that time procured an assignment of his sister's portion. From time to time thereafter, the interest was adjusted until in July, 1877, when said Laswell brought suit on said note in the Orange Circuit Court, and recovered a judgment against the makers thereof for $930.52. On the 27th of October, 1878, an execution was issued on this judgment, and was levied on the land of William B. Chisham, and this suit was brought on the 20th day of November, 1878, to compel Laswell to account as the trustee of said Nancy, to obtain a satisfaction of said judgment, and to enjoin its collection on the ground that said Nancy was the beneficiary thereof. Afterward, on the 22d day of November, 1878, the plaintiffs filed an amended complaint, but this complaint does not appear anywhere in the record. To this complaint the defendants filed an answer of three paragraphs. The appellants demurred to the second and third paragraphs, because neither of them stated facts sufficient to constitute a defence. The demurrer was sustained to the second and overruled to the third, to which the appellants excepted. A reply was filed, the cause submitted to the court for trial, and a finding made for the appellees.

The appellants moved for a new trial, because the decision of the court was not sustained by sufficient evidence, and was contrary to the law. This motion was overruled, and exception reserved. Final judgment was rendered for the appellees. From this judgment the appellants appeal, and assign as error here:

1st. That the court erred in overruling their demurrer to the third paragraph of the defendants' answer.

2d. That the court erred in refusing them a new trial.

From this statement it is evident that the whole dispute is about the money placed in the hands of Laswell in the partition proceeding. On the one hand, it is claimed that the whole of it belongs to the appellant Nancy, by virtue of the final order in that proceeding; and, on the other hand, it is claimed that none of it belongs to her, but only the use of it during her life. Unless some order made in that proceeding, or in this one, concludes the parties, the position of neither is correct. This money arose from the sale of land which was owned by the appellant Nancy, and the appellees Jesse and Louisa. The former held an estate for her life, and the latter the estate in remainder. When the land was sold, the court should have ascertained the share of each, and directed its payment to them respectively. This was not done, but instead thereof the court appointed a trustee to take and keep the fund. Thus far no division was made, and each remained interested in the fund, as they had been in the land from which it was derived. The trustee, in pursuance of the order of the court, took control of the fund. Afterward, the court ordered the commissioner to pay the whole of it to the appellant Nancy, and in this case the court below adjudged it to be rightfully held by the trustee. Both orders were wrong, and so are the positions of both parties. If the record was in shape to enforce the final order in the partition proceeding, it would result in manifold injustice to the appellees Jesse and Louisa; and if the record in this cause fixed the right of the trustee, Laswell, to hold the money during the life of the appellant Nancy, it would result in manifest injustice to her. Fortunately, however, these records do not conclude either party, and justice under the forms of law may yet be done to all. The judgment below is the last adjudication upon the right of appellant Nancy to the whole of the money. It is conclusive upon her, and results in keeping the fund intact, to be hereafter divided

between the parties according to their respective interests therein. Thus justice, twice invoked, but not fully administered, will retain this fund where, upon the application of either party, such order can be made as should have been made upon the conclusion of the partition proceedings. This much we deemed proper to say, as it seems to us that substantial justice has been done between the parties, and if it is not a complete determination of their rights, it, at least, fixes the fact that the money is a common fund that may hereafter be divided at the instance of either party, according to their respective rights therein.

The appellant, however, insists that the judgment below is erroneous for the reasons assigned. This depends upon whether or not the record presents them. The original complaint was filed on the 20th day of November, 1878, which was the third judicial day of the November term, 1878, of the Orange Circuit Court. Afterward the record contains this entry : "And again on the 5th judicial day of the said November term, 1878, of said court, the following proceedings were had in said cause, to wit : Come now the plaintiffs and file their amended complaint herein." But this complaint is not found anywhere in the record.

The third paragraph of the answer, to which appellants' demurrer was overruled, was filed to this complaint. Without a complaint the record presents no error on behalf of an appellant who was a plaintiff below, as was decided in *Heizer* v. *Kelly*, *post*, p. 582, and for the reasons there given.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and is hereby, in all things, affirmed, at the costs of appellants.