KEYSER v. THE KANSAS CITY, ST. JOSEPH & COUNCIL BLUFFS RAILWAY CO.

1. **Evidence**: ADMISSION OF: ERROR WITHOUT PREJUDICE. Error in admitting evidence upon a point on which plaintiff failed to recover, is no ground for reversing the cause on defendant's appeal.
2. **Verdict**: EVIDENCE TO SUPPORT. Where it appears that there was some evidence to support a verdict, this court cannot say that the trial court erred in refusing to set aside the verdict on the ground that it was not supported by the evidence.

*Appeal from Pottawattamie Circuit Court.*

FRIDAY, JUNE 8.

ACTION for damages alleged to have been sustained by reason of the killing of the plaintiff's mare. There was a trial to a jury, and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*Sapp & Lyman,* for appellant.

*Robert Percival,* for appellee.

ADAMS, J.—There seems to be no question but that the mare was killed by one of the defendant's trains.

At the point near where she was killed, the railroad runs north and south, and is crossed by a highway running east and west. The mare was found dead south of the highway, and west of the railroad track.

The undisputed evidence shows that the mare was worth $150, and the verdict was rendered for that amount. The plaintiff claimed double damages. Some questions have been presented in relation to the evidence introduced by plaintiff in support of his claim for double damages. If there was any error, it was without prejudice, as the plaintiff did not recover such damages.

There was no evidence of negligence on the part of the defendant, and the verdict, if sustained, must be upon the ground that the mare was killed where the defendant had a right to fence and had not fenced. There was strong evidence introduced tending to show that the mare was struck at the highway crossing. But there was some evidence tending to show that she was struck two or three rods north of the crossing, and where the defendant had a right to fence, but had not fenced. The defendant insists that this evidence is insufficient to sustain the verdict; but we think otherwise. Possibly we should have found differently from what the jury did; but we have all reached the conclusion, upon a separate reading of the evidence, that the verdict is not without support.

AFFIRMED.