## LATHROP v. THE CENTRAL IOWA R'Y Co.

1. **Railroads:** RIGHT TO FENCE TRACK IN TOWNS. A railroad company has no right to fence its track, against stock running at large, across the platted streets and alleys of a town, even if such streets and alleys are not used, or are not in condition to be used, by the public.

2. **Cities and Towns:** VACATION AND NON-USER OF STREET: PAROL TESTIMONY. Parol testimony that a street has been abandoned is not

admissible to prove that it has been vacated, for that is properly a matter of record; (Code, § 464;) nor is it admissible for the purpose of showing that the public has lost its rights by non-user, for as to that it would be the legal conclusion of the witness.

3. **Instruction:** NO PREJUDICE—NO REVERSAL. An instruction will not be reviewed when it appears from the special finding of the jury that it could not have prejudiced appellant.

4. **Evidence:** NO PREJUDICE—NO REVERSAL. Alleged error in the admission of evidence will not be considered where, under the instructions of the court, it could not have prejudiced the appellant as to any question which he had a right to have passed upon by the jury.

*Appeal from Franklin District Court.*

TUESDAY, JUNE 15.

PLAINTIFF brought this action to recover damages for an injury to certian horses belonging to him, which he alleges were struck by a locomotive and train of cars on defendant's railway. It is charged in the petition that the injury occurred at a point on defendant's track where it had the right to fence the same against live stock running at large, but that it had neglected to fence the track at that point, and the injury was occasioned by this neglect. It is also alleged that the affidavit and notice prescribed by section 1289 of the Code were served on defendant more than thirty days before the suit was instituted, and double damages are claimed. It is also alleged that the locomotive and train which inflicted the injuries were being run and operated at a greater rate of speed than eight miles per hour, in violation of an ordinance of the incorporated town of Steam-boat Rock, within the incorporated limits of which town the injury occurred; and that the injury was occasioned by the negligent and wrongful act of defendant's servants in so running and operating said locomotive and train. The verdict and judgment were for defendant, and plaintiff appeals.

*F. Gilman*, for appellant.

*J. H. Blair* and *Anthony C. Daily*, for appellee.

REED, J.—I.   In addition to their general verdict, the jury found specially that the animals were struck at a point on defendant's railway track where the same was crossed by a platted street or alley of the town of Steam-boat Rock, and that they got upon the right of way at the point where it was crossed by said street or alley.   The evidence given on the trial shows that defendant had not fenced its track at any point within the platted portion of the town.   It also shows that no crossing was maintained at the point where the injury occurred, and that the street at that point had not been in condition to be used, except by persons passing on foot, since the railroad was constructed, and that it had been used only by foot passengers during that time.

1. RAILROADS: right to fence track in towns.

The district court instructed the jury that defendant was not required to fence its track in towns where the platted streets and alleys intersect its track at the usual short intervals, and that it has no right to fence across highways, or streets or alleys, whether open and in use or not, so long as the ground remains dedicated to the use of the public for street or highway purposes.

The first proposition contained in the instruction is that, when a railway track within a town is crossed by the streets and alleys of the town, at the usual short intervals, the company is not required to fence those portions of the track which lie between the intersecting streets and alleys.   Under the special finding of the jury that plaintiff's horses went upon defendant's right of way and track at the point where they are crossed by the street, and that the injury occurred at such crossing, it is not material to inquire as to the correctness of this proposition.   If it should be conceded to be erroneous, plaintiff could not, under the facts found by the jury, have been prejudiced by it.

The other proposition, viz., that defendant did not have the right to fence across the platted streets and alleys of the town, even though they were not opened or used, we think is

clearly correct.    The acknowledgment and recording of the plat operate to vest in the public the right to occupy and use the ground designated as streets and alleys upon it for highway purposes.    Code, § 561; *McDunn v. City of Des. Moines*, 39 Iowa, 286.    This right accrues to the public at once, upon the acknowledgment and recording of the plat, and continues until it is either divested by some act of the public authorities or lost by adverse possession.    *McDunn v. Des Moines, supra; Wenzel v. Kempmeier*, 53 Iowa, 255; *Davies v. Huebner*, 45 Iowa, 574.    Railway tracks are permitted to be built across public highways, but when this is done the companies are required to put the highway at the place of crossing in good condition for use by the public. Code, § 1262.    But no other right or privilege with reference to such highways is conferred upon them, and they clearly have no power to exclude the public from their use, or to unreasonably interfere with such use.    The fencing of the track at the place of crossing against live-stock running at large would have the effect to exclude the public, in many cases, from using the highway at that place; and it follows necessarily that the right to do this does not exist.    Such right would be utterly inconsistent with the duty imposed upon the companies by the section to put the highway at the place of crossing in condition to be used by the public; and it can make no difference that the highway is not used, or that it is not in condition to be used, by the public.    The right to use it exists, as does also the right to have it put in condition to be used whenever the needs of the public demand that this be done, and no person can have the right to do any act with reference to it which will interfere with the exercise of these rights, or amount to a denial of their existence.    The act of fencing across the ground would be inconsistent with the rights of the public in it, and would amount to a denial of the existence of any right in it.

II.    A witness, examined by plaintiff, testified that the highway on which the injury occurred had been abandoned.

Lathrop v. The Central Iowa R'y Co.

**2. CITIES and towns : vacation and non-user of street: parol testimony.** On defendant's motion this testimony was excluded from the consideration of the jury. If this testimony was offered for the purpose of proving that the street had been vacated, it was clearly incompetent. The power to vacate streets is vested in the town or city. Code, § 464. It can be exercised only by the trustees of the town, or council of the city, and, when exercised, the action of the body should be made a matter of record. Parol evidence of the fact was not admissible. If the object was to prove that the right of the public had been lost by non-user, the evidence was also incompetent. Whether the right had been lost was to be determined from the facts of the case. The opinion or conclusion of the witness (which was all that was given) was not admissible. The testimony was therefore properly excluded.

III. The district court instructed the jury that " if the horses came on the track at a point where the company had **3. INSTRUCTION : no prejudice—no reversal.** the right to fence, and then wandered into a public crossing or intersection of a street with the railroad track, and, being thereon, and not driven thither by the approaching engine, they were then injured, the defendant would not be liable as for want of a fence." Error is assigned on the giving of this instruction. We do not find it necessary, however, to consider the question as to its correctness. Under the finding that the horses came upon the track at the street crossing, a place where defendant did not have the right to fence, plaintiff could not have been prejudiced by it.

IV. There was evidence tending to prove that the train which inflicted the injuries complained of was running at a **4. EVIDENCE : no prejudice- no reversal.** greater rate of speed than eight miles an hour at the time of the collision. It was not proven, however, that there was any ordinance or regulation of the town prescribing the rate of speed at which trains might be run within it. Defendant was permitted to introduce in evidence an ordinance of the town which prohibited the run-

ning at large of horses and other domestic animals within its limits; also to show that the statute known as the "Herd Law" was in force in that county. Plaintiff assigns as error the ruling of the court in admitting this evidence. The court instructed the jury that the evidence was not to be considered in determining the question whether defendant was liable on the ground that it had failed to fence its track, and whether the injury was caused by the want of such fence, but that they should consider it in determining whether defendant was liable on the ground that there had been negligence or mismanagement in the operation of the train which inflicted the injury. If we were to concede that the evidence was not admissible on the ground upon which it was admitted, we still would be of the opinion that its admission afforded plaintiff no just ground of complaint. The only charge of negligence in the petition with reference to the operation of the train is that it was being run at a rate of speed which was forbidden by the ordinance of the town. There is no allegation that its speed was so great as to amount to negligence *per se*, or that it was imprudent or dangerous, by reason of the attending circumstances, to run it at the speed at which it was being run at the time. The sole charge is that it was negligently operated because it was run at an unlawful rate of speed, and the rate of speed became unlawful because forbidden by the ordinances of the town. When plaintiff failed to prove that there was an ordinance or regulation of the town, forbidding the operation of the train at the rate of speed at which it was being operated at the time of the injury, there was an end of his case, so far as it was founded on the charge that there was negligence in the operation of the train. The evidence was admitted, then, as bearing upon an issue which he had no right to have submitted to the jury ; and however erroneous the order of the court admitting it may have been, it affords him no ground of exception ; for, under the instructions of the court, it

could not prejudice him as to the questions which he had the right to have passed upon by the jury.

Exceptions are taken by plaintiff also to certain instructions given by the court on the question of negligence in the operation of the train; but these are disposed of by the same considerations. They relate to a claim upon which plaintiff was not entitled to recover, upon any view of his own evidence, and one which he was not entitled to have submitted to the jury. He could not, therefore, be prejudiced by them.

We find no error in the record which is prejudicial to appellant. The judgment of the district court will be

AFFIRMED.