By the Court.
Plaintiff, Charles Schmalstig, sued defendant, Charles P. Taft, for $55,555.55 and interest, claimed to be due for money had and received by defendant for his benefit, being his portion, as the owner of 100 shares, of the proceeds of a sale of 900 shares of stock of The Chicago ■National League Baseball Club.
Defendant in his answer set forth in considerable detail a history of the purchase, ownership and sale of the stock, and admitted that there was due from him to plaintiff the sum of $6,255.54, with interest, but denied that plaintiff was entitled to recover any greater sum from him, and made a general denial.
This case has been tried twice to a jury, the evidence- being substantially the same at each trial. The facts in the case are stated in the opinion of Judge May, reported in 19 N. P., N. S., 513, in which the verdict by three-fourths of the jury aft *286 the first trial for $58,703 was set aside and a new trial granted for the reason that the verdict was manifestly against the weight of the evidence, and for error in giving the special charge requested by plaintiff, which is set out on page 519 in said report, which placed the burden of proof on defendant to show that he bought the 530 shares of stock from Murphy as agent for plaintiff and others, proportionately.
At the trial now under review three theories of the case were left open to the jury under the charge of the court, and three forms of verdict submitted:
(4) They might -find for plaintiff in the full amount claimed by him on the theory that he would be entitled to one-ninth of the purchase price regardless of other considerations; in which finding' the verdict would be for $55,555.55, with interest.
(2) They might find that the 530 shares of stock were purchased by defendant as agent for plaintiff, together with the other two owners of stock acting with him, and that plaintiff was chargeable with his proportion of the losses and expenses incurred as to said Murphy shares, or so-called treasury stock; in which case the verdict would be for $6,255.54, with interest, the amount defendant admitted to be due.
(3) Or they might find in accordance with the understanding or agreement — that “fair treatment” shown to exist or be implied between the parties by their conversations and conduct on January 3, 4 and 5, 1916 — when plaintiff might be entitled to his pro rata of 10-37 of $50,000 cash left after the’ payment out of the $500,000 purchase money the $450,000 balance due on-the original Murphy pur *287 chase. This amount according to the check offered plaintiff by defendant before the commencement of this suit would be $13,513.50, with interest.
The verdict returned at the second trial was consistent only with the last above-named theory, the amount being $14,892.35.
A motion for a new trial was overruled, and judgment entered on the verdict, to which error is now prosecuted.
The errors chiefly urged here on the part of plaintiff in error are in relation to the charge of the court. Judge May found that upon the first trial the court had been in error in placing the burden of proof upon defendant as to the question of agency or trusteeship of defendant in the matter of the so-called Murphy shares. After a careful reading of his opinion and the authorities cited by him, a majority of this court agree with his conclusions and consider the answer not as pleading a confession and avoidance, 'but as being in effect no more than a general denial, merely amplified- by unnecessary relation of evidential facts.
If defendant sold plaintiff’s stock under an express or implied agreement made on or about January 4, 1916, that fact could have been proved under a general denial; -it would not have been an affirmative defense, nor would the burden of proof in respect' thereto have been on the defendant.
In order to determine just what the defense made by-the answer was, a minute examination of the entire document must be made. Under Section 11345, General Code, it is to be liberally construed. The difficulty is one of determining the intent of the pleader rather than the principles of law *288 involved. Undoubtedly defendant could have alleged that he had acquired rights that offset those of plaintiff. Such matters would have constituted an affirmative defense. The answer as it is might be construed as alleging that the defendant, *as agent for plaintiff and others, had bought 530 shares of stock from Murphy and held them as trustee for them; that the stock cost $500,000; that these shares were included as part of the 900-share lot sold with the consent of plaintiff; and that there was a loss in that part of the venture in which plaintiff must participate, and which should be deducted from plaintiff’s share of the proceeds, if his 100 shares of stock were treated as sold for $55,-555.55.
It might be noted that after the answer was filed, plaintiff moved to strike out the allegations of the answer relating to the Murphy deal, and the court in a written opinion; then upheld what apparently was the claim of the plaintiff at that time that those matters constituted an equitable defense.
A proper construction of the pleadings is a question not without difficulties. According to the view which the trial court took the defendant was attempting to state facts which would have constituted a defense without regard to the issue as to whether the stock was sold under the contract made January, 1916. One member of this court inclines to the view that the transaction in regard to the Murphy stock was intended by the defendant to be set up as a defense, independent of and in addition to the defense of the general denial, and that, irrespective of the -issues raised in the pleadings, if an issue is raised by the evidence properly offered in *289 support of the respective claims of the parties, it is not improper for the trial court to charge the jury as to the law governing the situation thus developed. (Rayland Coal Co. v. McFadden, Admr., 90 Ohio St., 183.) And that the transaction in regard to the Murphy stock raised such an issue, the court charged:
“He [Taft] says he was acting as agent of the plaintiff, and that acting as agent he had the right and authority to first reimburse himself for any expenses incurred in making the Murphy purchase.”
The court continued, “He then sets up an additional defense to this action,” etc. And thereupon the court explained the claim in respect to the agreement of January, 1916, that as agent for plaintiff the defendant would have had the right to reimbursement for losses in the transaction, in which the plaintiff was principal; and that would have been true regardless of the agreement of' January, 1916, for such a defense, however, could only be regarded as established if there was a preponderance of the evidence in its favor. And it is the view of the member of this court above mentioned, that when the lower court charged generally that the burden was upon the plaintiff, without explaining that the burden as to that specific issue of defense was upon the defendant, he committed error.
But whether or not any error was thus committed in that respect, the court are entirely in accord that such error, if any, is not prejudicial.
The verdict of the jury conclusively shows that they did not adopt either of the first two theories *290 .upon which the case was submitted to them, as stated' before, and found that plaintiff was not entitled to recover the amount claimed by him, being one-ninth of the purchase price, regardless of other considerations. They also found against the .claim of the defendant that he was holding the Murphy stock as trustee or agent for plaintiff and others and that plaintiff was chargeable for his pro rata of the losses thereunder and entitled to only $6,255.54, with interest. And they must have found that the third theory of the case was the true and correct one, and that an implied agreement had been made between the parties by their conduct and conversations under which plaintiff was entitled to the amount found in their verdict, to-wit, $14,-892.35.
The jury must be deemed to have adopted the third theory or view of the case. They construed the facts on the issue as to the agency in favor of the plaintiff. An incorrect charge as to the burden of proof on the issue therefore could not possibly have prejudiced plaintiff.
The rule, as stated-by the court in the case of Butte & Boston Consol. Mining Co. v. Montana Ore Purchasing Co., 121 Fed. Rep., 524, 58 C. C. A., 634, is:
“A party in whose favor the jury has found an issue can not allege error in the court’s charge .as to the burden of proof on that issue.”
The clearest illustrations of the operation of this rule are in cases where there is a special finding in respect to certain facts. Elliott on Appellate Procedure, Section 642; Ellis v. City of Hammond, 157 Ind., 267, 271; Roush v. Roush, 154 Ind., 562, *291 573, and Moore, Admr., v. Lynn et al., 79 Ind., 299.
The rule is not confined to such cases. Keyser v. Kansas City, St. J. & C. B. Ry. Co., 61 Iowa, 175; Lathrop v. Central Iowa Ry. Co., 69 Iowa, 105, and 4 Corpus Juris, 1042.
Even if the burden was upon defendant as to the issue of agency in the Murphy deal, as the. jury determined that in plaintiff’s favor he can not complain of erroneous instructions which only affect that issue.
Considering the general charge as an entirety, it fairly states the law and is free from error. •
Nor was there any prejudicial error in the refusal to give plaintiff’s special charges 3, 4 and 5. Each of these -special charges related to the question of whether or not defendant was acting as trustee or agent of plaintiff, and we have seen that question has now lost its importance, inasmuch as the jury, on the issue of agency, found in favor of the plaintiff and against the defendant. These charges were also properly refused for the reasons given by Judge Geoghegan in his memorandum opinion in refusing the motion for a new trial.
While plaintiff and defendant did not fully .accord in their respective versions of the conversations of January, 1916, that led to the placing of plaintiff’s stock in defendant’s hands for the consummation of the sale, the testimony of plaintiff himself does not bear out his claim that it was then the agreement of the parties that he was to receive one-ninth of the entire sale price of the 900 shares. On the contrary, the verdict of the jury is-fully sustained by the evidence. In view of the fact- *292 that the excerpts set forth in the published opinion of Judge May are substantially the same as the testimony at the second trial, it is not necessary to :set out the evidence here.
The judgment is therefore affirmed.

Judgment affirmed.

Jones, P. J., Hamilton and Shohl, JJ., concur.