May Term,
**1858.**

MARTINDALE and Others *v.* MARTINDALE.

MARTINDALE
*v.*
MARTINDALE.

The reënactment of a former section of a statute in a later section, is not necessarily a repeal of the former section.

*A.* died, leaving a second wife by whom he had no children, and several children by a former wife, surviving him; and being, at the time of his death, seized in fee of a tract of land. *Held,* that, under our law of descents (1 R. S. p. 248), the second wife was entitled to one-third of her deceased husband's real estate for life only, as against his children by the former wife.

*Monday,*
*October* 11.

APPEAL from *Miami* Court of Common Pleas.

PERKINS, J.—Suit for partition. The complaint is by *Frances Martindale,* who alleges that she is the widow of *Thomas Martindale,* deceased; that said *Thomas,* at the time of his death, was the owner in fee of certain real estate, which she describes, and which is situate in *Miami* county, *Indiana;* that said *Thomas* left surviving him *Jonathan Martindale* and nine others, his heirs at law. She claims one-third of the real estate in fee.

The defendants answered that they are the heirs at law of said *Thomas,* who died in 1856; that the complainant was his second wife, and that said *Thomas* left no children surviving him by the complainant; but that said defendants are all his children by a former wife. They claim, therefore, that the complainant is not entitled to one-third in fee, but only one-third for life, as her dower in said lands.

The complainant demurred to the answer. The demurrer was sustained; and the complainant was adjudged to be entitled to one-third of the lands in fee, and they were set off to her accordingly.

The correctness of the decision must be determined by the law of descents.

Section 18, p. 250 of the 1 R. S. 1852, enacts, that on the death of the husband, a surviving wife shall inherit one-third of his real estate in fee where its value is 10,000 dollars or less; one-fourth, where its value is over 10,000 and does not exceed 20,000 dollars; and one-fifth where its value exceeds 20,000 dollars.

Section 23 provides that if the husband die leaving a widow and but one child, one-half of his real estate, no matter of what value, shall descend to the widow, and the other half to the child.

Section 24 qualifies both the foregoing sections, by enacting that if a man marry a second or other subsequent wife, and has by her no children, but has children alive by a previous wife, the land which, at his death, descends to such wife, shall, at her death, descend to his children. This section, in the cases embraced by it, limits the wife to a life estate in the husband's lands; and it embraces the case now under consideration.

But section 27 reënacts section 17, and extends its operation to equitable estates; and it is claimed that it has the effect of repealing sections 23 and 24.

The reënactment of a former section of a statute in a later section, is not necessarily a repeal of the former section. The reënactment may amount to nothing, and thus have no effect by way of repealing any former section. *Cheezem* v. *The State*, 2 Ind. R. 149.—*Alexander* v. *The State*, 9 id. 337.

Again, these are all sections of one statute and must be so construed as to give them all effect as far as possible, and carry out the intention of the legislature. *Spencer* v. *The State*, 5 Ind. R. 41.

Previous experience had taught us that some care seems to have been taken by our codifiers to get into the code as many conflicting sections as could well be inserted. This case adds to the evidence. Thus, in the same statute we are considering, section 18 provides that if a second wife shall die, leaving children by a former husband, her real estate coming to her by such former husband, shall go to those children; while section 22 provides, generally, that one-third of the real estate of a deceased wife shall go to her widower. But those sections must be construed together.

In the case at bar, to give the widow a fee instead of a life estate, would work great injustice to the children of her late husband; and it will be well worthy the consider-

ation of legislators, whether the steps taken in abolishing dower and substituting a fee, in any case where there are surviving children, ought not to be retraced. Provide well for the widow while living; but put it not in her power to rob, for the benefit of another, the children of her deceased husband.

A careful study of our law of descents will impress all with the necessity of its revision.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded with instructions to give the complainant a life estate, but not a fee.

*D. D. Pratt, N. O. Ross* and *R. P. Effinger,* for the appellants.