Nov. Term,
1858.

Ogle
v.
Stoops.

MADDOX and Another *v.* O'CONNOR and Another.

*Thursday,*
*December* 16.

(1) *Ante*, 286.

———————•◦•———————

Ogle and Others *v.* Stoops and Another.

The legislature intended, in the enactment of §§ 18 and 24 of the statute of descents (1 R. S. pp. 250, 251), that, as a general proposition, the children of previous marriages should take the real estate of their deceased parent, in preference to subsequent husbands or wives, which is strictly equitable.

The only exception made is, where a husband leaves a child or children by second or subsequent wife, surviving him.

This exception does not, of course, embrace cases where the husband *has had* a child or children by such wife, but only cases where he *has* such child or children at the time of his death.

*Thursday,*
*December* 16.

APPEAL from the *Hamilton* Circuit Court.

PERKINS, J.—*Solomon Husted* died the owner of a tract of land situate in the state of *Indiana*. He left surviving him a second wife, to whom he had been married about

one year, and by whom he had had one child, which died soon after its birth, and before the death of said *Solomon.* Said *Solomon* left surviving him children and heirs at law by his first wife, but none by his second.

The only question in this suit is, whether his second wife takes a fee or a life estate in one-third of her deceased husband's land.

By § 18, 1 R. S. p. 250, it is enacted that if a widow marry a second time, and die, leaving children by a former husband, all real estate held by her, in virtue of her previous marriage, shall go to such children.

And by § 24, p. 251, of the same volume, it is enacted that if a man marry a second or other subsequent wife, and has, by her, no children, but has children alive, by a previous wife, the land owned by him at his death shall go to his children, subject to a life estate in one-third of it, of such second or subsequent wife.

It thus appears that the legislature intended, as a general proposition, that the children of previous marriages should take the real estate of their deceased parent, in preference to subsequent husbands or wives. This is strictly equitable. The only exception made is, where a husband leaves children, or a child, surviving him, by the second, or any subsequent wife. The exception is not in a case where the husband *has had* children, or a child, by such second or subsequent wife, but where he *has* a child or children at the time of his death.

This is the fair construction of the statute, and accords with the decision in *Martindale* v. *Martindale*, 10 Ind. R. 566.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded with instructions to the Court below to proceed accordingly.

*G. H. Voss*, for the appellants.