*A. J. Simpson, J. E. McDonald* and *A. L. Roache,* for appellee.

* * *

ROCKHILL *v.* NELSON and Others.

STATUTE OF DESCENTS. — *Martindale* v. *Martindale,* 10 Ind. 566, and *Ogle* v. *Stoops,* 11 *id.* 380, affirmed.

APPEAL from the *Allen* Circuit Court.

GREGORY, J.—The plaintiff in this case is the widow, having been the third wife, of *William Rockhill,* who died seized in fee simple of the land in dispute. He had by the plaintiff one child, which died, in infancy, a short time before his death. The defendants are the children of the deceased husband by a former wife. The widow claims one-third of the land of which her husband died seized, in fee. The defendants insist that she is entitled to a life estate only.

The rights of the parties depend upon the construction to be given to our law of descent.

By the seventeenth section of that law, the surviving widow takes one-third, in fee, of all the lands of which the husband died seized. By the twenty-seventh section, she takes, as the heir of her husband, one-third, in fee, of all the land owned by the husband *at any time during coverture,* in the conveyance of which she has not joined, and one-third, absolutely, of all equitable estates owned by him at

his death. Under these sections, the plaintiff would take one-third of the real estate of her deceased husband in fee. The only inquiry will be, how, and to what extent, does the proviso to section 24, (1 G. & H. 296,) affect or modify sections 17 and 27; the former preceding, and the latter following section 24? The proviso is in these words: "*Provided,* that if a man marry a second or other subsequent wife, and has by her no children, but has children *alive* by a previous wife, the land which, at his death, *descends* to such wife, shall, at her death, *descend* to his children."

In an able and well considered brief, the learned counsel of the appellant argue thus: "The language of this proviso is, in some respects, unmistakably clear. Something descends to the wife. What is it? If anything, it is one-third of her husband's real estate, not a life interest in his real estate. The proviso does not intimate such a thing. If the one-third does not descend to the widow, to whom does it descend? Not to the children or heirs, for by the clear and express words of the proviso, they take whatever they may be entitled to, not at the death of the husband and father, but at the death of the widow. They take, not from the father, but from his widow. They take from her, at her death, nothing but what she, as heir of her deceased husband, took at his death. If she takes less than a fee, the children take nothing at all. Prior to the widow's death, they can have no interest in the land which descends to her at her husband's death.

"If it shall be said that the widow takes but a life estate, then this clause, which by a strained and unnatural construction is made to reduce the widow's interest from a fee to a life estate, becomes absurd and nonsensical. For it is too clear to admit of doubt, unless words have lost all significance, that it was the purpose of this proviso to cast upon the husband's children, at the death of the widow, whatever she might then possess as the heir of the husband. To give effect to the plain and obvious meaning of this proviso, it must be held, we think, that the *whole* interest in

one-third of the deceased husband's lands descends, at his death, to his widow. That no part of this interest *then* descends to his children, for the simple reason that it is to descend to them, if at all, at the death of the widow. That it simply prescribes a rule of descent, making the husband's children, in the particular case, the special, substituted heirs of the second or subsequent wife."

This position, so forcibly put, addressed to this court before the decision in the case of *Martindale* v. *Martindale*, 10 Ind. 566, would have been entitled to grave consideration; and it is, indeed, difficult to see how it could have been met by legal argument. But there are some questions in law, the final settlement of which is vastly more important than how they are settled; and among these are rules of property, long recognized and acted upon, and under which rights have vested. It must be admitted that our law of descents, among the most important on our statute book, is not remarkable for precision and clearness, and that vexatious questions are often occurring, requiring judicial interpretation of this statute. We cannot change a decision without producing confusion in titles, as the ruling would necessarily relate back to the time the law came in force. But if the canon of descent, as settled by the determination of the court of last resort, is unjust, or even distasteful, the legislature can change the rule by a new statute, without interfering with vested rights. As now constituted, however much we may differ from the opinions of our predecessors, we shall not introduce doubt and confusion in *questions of property*, by overruling the previous decisions of this court. We have had occasion, in the last few months, to overrule a number of cases, but only in that class in which the rulings operate upon the future, and not upon the past, and which, in our opinion, will be attended by unmixed good.

The cases of *Martindale* v. *Martindale*, *supra*, and *Ogle et al.* v. *Stoops et al.*, 12 Ind. 380, were decided some six or seven years ago, and the rule therein established has

been acquiesced in by the legislature through three general, and one special, sessions, and ought not now, in our opinion, to be disturbed by this court.

The judgment is affirmed, with costs.

*J. L. Worden* and *Morris & Williams*, for appellant.

*W. H. Coombs*, for appellee.