*H. W. Harrington* and *C. A. Korbly,* for appellee.

---

## Louden, Administrator, *v.* James and Others.

Descent.—*Surviving Second Wife without Children.*—Where a man dies, leaving surviving him a widow, a second or other subsequent wife by whom he has no children, and children by a previous wife, the widow, *as against creditors,* takes the same share of his real estate, by descent, in fee simple, as if a first wife; and at her death this fee simple descends to her said husband's children free from the demands of his creditors.

APPEAL from the Posey Common Pleas.

Frazer, J.—Enoch R. James died, intestate, seized of real estate, leaving surviving him a widow, a second wife, by whom he had no children, and also children and the descendants of children by a previous marriage. Partition was made of his real estate, and a portion was set off to the widow. She has since died, and now the administrator *de bonis non* applies for an order to sell the land so set apart to the widow, to make assets to pay debts of the intestate.

These facts appearing by the complaint, a demurrer there-

to for want of sufficient facts was sustained, and upon that ruling error is assigned here.

As between a widow, a second wife, having no children, and the children of the intestate by a previous marriage, it was held by this court as early as 1858, that under the statute of decents of 1852 (1 G. & H. 291, *et seq.*), the widow took only an estate for life. *Martindale* v. *Martindale,* 10 Ind. 566. This was followed shortly afterwards, in the same year, in *Ogle* v. *Stoops,* 11 Ind. 380. Seven years later the same question was here again, the judges of this court having, in the meantime, been wholly changed; and if the question could properly have been considered an open one, it is not certain that it would have been decided the same way. But it was deemed that the repose of titles acquired during so considerable a period upon the faith of the former decisions, together with the legislative assent to the law as thus interpreted, required that those decisions should be followed. *Rockhill* v. *Nelson,* 24 Ind. 422.

But the question now here is altogether different. It is not, what does the widow take as against children of the intestate? but it is, what does she take as against his creditors? The statute answers this question so plainly and expressly that there seems to be no room for construction. "If a husband die testate, or intestate, leaving a widow, one-third of his real estate shall descend to her in fee simple, *free from all demands of creditors.*" 1 G. & H. 294, sec. 17. And then the language of the proviso to the twenty-fourth section is equally plain, that this fee simple which, as against creditors, the second wife without children takes on the death of the husband, "shall at her death descend to his children." Language so plain cannot be disregarded. That construction which attempts to make words mean what they plainly do not import, is but another name for a judicial invasion of that domain in the government of the state which the constitution has, in the clearest terms, confided exclusively to the legislative department. That it was intended by the statute to put beyond the reach of general

creditors one-third in fee simple of the real estate (not exceeding ten thousand dollars) of a decedent leaving a surviving widow, can hardly be a debatable proposition. That of this third the childless second wife took only an estate for life as against children of a former marriage, was a conclusion deduced altogether from the provision that upon her death that land should go the children of the deceased husband. The further conclusion, now sought to be drawn, that upon the death of the wife it shall be liable to sale for the payment of the husband's debts, does not follow—indeed, it is utterly inadmissible, and would be in palpable violation of the express words of the statute.

It is not attempted to reconcile the present decision with the broad language contained in the opinions delivered in *Martindale* v. *Martindale* and *Ogle* v. *Stoops, supra.* Those cases are simply deemed to settle the very question then before the court, and nothing beyond. We are not aware that it has heretofore been supposed that they would justify the inference that on the descent being cast upon the children by the wife's death the land would be brought within the reach of the husband's creditors. The present case is, so far as we are aware, the first attempt to enforce that theory in any of our courts. Moreover, if after the wife's death the land may be made assets by the husband's administrator, there is no reason why it may not be done during her life by selling the property subject to her estate for life. If the children take by inheritance from the husband, and not from the wife, this result would probably be inevitable. Note, then, the fruits of statutory construction! The sixteenth section expressly abolishes dower, and the seventeenth, as against creditors, gives the widow, in a case like this, an estate in fee simple, to go on her death to the husband's children—and this would be interpreted to mean that the widow takes an estate in dower only, against anybody, whether child or creditor. Does the judicial function of construction go to the extent of overriding the plain language and equally plain intention of the legislature?

· The case before us was probably suggested by what appeared to be a great hardship. The decedent died insolvent, seized of considerable landed estates. Of this, a quantity worth ten thousand dollars was set apart to the widow, and by her death it goes to his children. There seems to be a large measure of common justice in the claim that this land should now be converted into assets to be applied upon the decedent's indebtedness. This is the more striking because the aggregate value of this real estate is large. But if the widow had been the first instead of a second wife, the justice of the appeal would have been not less forcible than now. And yet in that case the statute would have presented an insurmountable obstacle to the demand. In that case the statute proceeds upon the assurance that maternal affection will not divert the estate from the children of the marriage; in this case the statute does not rely upon a childless step-mother's sense of duty, but fixes the course which the estate shall take upon her death. It secures to the creditors no advantage from the fact that the last marriage happens not to produce offspring; and why should it ?

Judgment affirmed, with costs.

ELLIOTT, C. J., dissented.

*J.* and *H. C. Pitcher,* for appellant.

*A. Iglehart* and *W. Harrow,* for appellees.