## LONGLOIS v. LONGLOIS ET AL.

DESCENT.—*Second or other Subsequent Wife.*—*Life Estate.*—The proviso in section 24 of the statute of descents (1 G. & H. 295) limits the right of a surviving second or other subsequent wife, the husband having no children by her but having children alive by a previous wife, to a life estate only in the third of the lands of the husband.

SAME.—*Amendments of* 1853.—The amendments made in 1853 (Acts 1853, p. 55) to sections 24 and 25 of the statute of descents must be regarded as in force from the time of their publication until repealed by an act passed March 9th, 1867. (Acts 1867, p. 204.)

STATUTE.—*When Amendment does not Repeal Former Statute.*—If an amendment does not change the original law, but simply adds something to it, the amendatory law will not operate as a repeal of the old law.

SAME.—*When Amendment does Repeal Former Statute.*—If an amendment changes the old law in its substantial provisions, it must, by necessary implication, repeal the old law as far as they are in conflict.

SAME.—Where a new law in the form of an amendment or otherwise covers the whole subject-matter of a former one, and is inconsistent with it, and is evidently intended to supersede and take its place, it repeals the old law by implication.

SAME.—*Statute of Descents.*—*Amendments of* 1853.—The amendments made in 1853 (Acts 1853, p. 55) to sections 24 and 25 of the statute of descents entirely superseded and took the place of the original sections, and by implication repealed them.

SAME.—*Repeal of Amendatory Act.*—When the above amendatory provisions of 1853 were repealed by the act passed March 9th, 1867 (Acts 1867, p. 204), the repeal operated as a revivor of the original sections 24 and 25 of the law of descents.

Longlois *v.* Longlois *et al.*

SAME.—*Statute Construed.*—Section 802, p. 336, and section 2, p. 338, 2 G. &. H., do not change the common law rule, that the repeal of a repealing act operates to revive the original act.

From the Tippecanoe Common Pleas.

*J. A. Stein,* for appellant.

*H. F. Blodgett* and *S. T. Stallard,* for appellees.

WORDEN, J.—This was an action by the appellant against the appellees for the partition of certain real estate. The facts of the case are, in brief, that the appellant is the widow, and was the third wife, of Peter Longlois, who died in October, 1871, seized of the lands in controversy, and leaving several children by his former wife or wives, and a grandchild, but there was no issue of his marriage with the appellant. The appellant claimed one-third of the land in fee, but the court adjudged that she was entitled to a life estate in one-third thereof only. And the only question in the cause is, whether the appellant was entitled to the fee simple or only a life estate in one-third of the land.

In the case of *Martindale* v. *Martindale,* 10 Ind. 566, it was held that the proviso in section 24 of the statute of descents (1 G. & H. 295) limited the right of a surviving second or other subsequent wife, the husband having no children by her but having children alive by a previous wife, to a life estate only in the third of the lands of her husband.

The point was again decided in the same way in *Ogle* v. *Stoops,* 11 Ind. 380.

The question again came before the court in the case of *Rockhill* v. *Nelson,* 24 Ind. 422, and was again decided in the same way. The bench in the meantime had been changed. In the last case, the court evidently entertained some doubt as to the correctness of the former decisions, but they said that the rule therein established had been acquiesced in by the legislature through three general sessions and one special session, and ought not then, in their opinion, to be disturbed by this court.

These cases were again recognized as a correct exposition of the statute in the case of *Louden* v. *James,* 31 Ind. 69.

The counsel for the appellant has filed an able brief, discussing the provisions of our statute bearing upon the question, in which we are asked to overrule the former adjudications upon this point.   We are of opinion, however, that, without entering upon any discussion in respect to the correctness of the previous decisions upon this point, it is our duty to adhere to them.   If, when the case of *Rockhill* v. *Nelson* was decided, the court ought not to have disturbed the previous rulings, much less should it be done now, as sixteen years have elapsed since the first case was decided, and the legislature have had abundant opportunity to amend the law, if the construction put upon it does not reflect their will.

But it is also claimed by the counsel for the appellant that at the time of the death of the appellant's husband, section 24, above noted, had been legislated out of existence, and, not being in force, there was nothing to prevent the appellant from taking the fee in accordance with sections 17 and 27 of the statute.

An act approved March 4th, 1853 (Acts 1853, p. 55), amended sections 18, 24, 25, and 26 of the act on the subject of descents.   For the purposes of this case, it will only be necessary to consider the amendments made to sections 24 and 25.   By the amendment to section 25, the surviving widow or widower is entitled to one-half of the property, in the case mentioned, and the father and mother, or the survivor of them, to the other half; or, if there be no father or mother living, the one-half is to go to the brothers and sisters of the deceased or their descendants, if any there be, in equal shares; while it is provided by the original section, that three-fourths shall descend to the widow or widower, instead of one-half only, and one-fourth to the father and mother jointly, or to the survivor of them.

There is such a substantial difference between the original and the amended sections that they cannot both stand and be in force.   This observation is made with a view to a point to be considered hereafter.

The   amendment   made   to   section   24   is   made   by

re-enacting the original section with the following additional words appended to the same, viz.: "And if he have a child or children by such second or subsequent wife, then to all his children in equal shares."

The effect of this amendment would seem to be to give the the second or subsequent wife but a life estate, though there were children of that marriage.

But amendments, made as these were, were held to be void, for want of compliance with the constitution, in the case of *Langdon* v. *Applegate*, 5 Ind. 327. From that time until the decision in the case of *The Greencastle Southern Turnpike Co.* v. *The State*, 28 Ind. 382, these amendments were regarded as inoperative and void. But in the latter case, which has been followed in several subsequent ones, the case of *Langdon* v. *Applegate* was overruled. Under the latter rulings on the constitutional question, the amendments must be regarded as having been in force from the time of their publication until they were repealed.

But the legislature interposed, and by an act passed March 9th, 1867 (Acts 1867, p. 204), repealed all laws theretofore passed not in conformity with the ruling in the case of *Langdon* v. *Applegate*. That this was a valid repealing act has been several times decided by this court. *Leard* v. *Leard*, 30 Ind. 171; *Nebeker* v. *Rhoads*, 30 Ind. 330; *DeMoss* v. *Newton*, 31 Ind. 219; *Lindsay* v. *Lindsay*, 47 Ind. 283.

But it is insisted by the appellant, that although these amendments may be repealed, yet their repeal did not revive or again bring into existence the original sections as they stood before the amendments. In the case of *Leard* v. *Leard, supra,* the court had under consideration section 25, and held that the repeal of the amendatory act of 1853 left the law of descents as it stood under the act of 1852. This again was followed in the case of *Nebeker* v. *Rhoads,* but in the latter case the point is not expressly mentioned. In the case of *Leard* v. *Leard,* it is not stated how the conclusion was arrived at that the repeal of the act of 1853 left the act of 1852 in force. We think, however, that a law purporting to

be an amendment of an another law may operate as a repeal of the original law, or it may not. If an amendment does not change the original law, but simply adds something to it, the amendatory law would not operate as a repeal of the old law. Such was the character of the amendment in the case of *Alexander* v. *The State*, 9 Ind. 337. Where an amendment is made that changes the old law in its substantial provisions, it must, by a necessary implication, repeal the old law so far as they are in conflict. And where a new law, whether it be in the form of an amendment or otherwise, covers the whole subject-matter of the former, and is inconsistent with it, and evidently intended to supersede and take the place of it, it repeals the old law by implication. See *The President, etc., Peru and Indianapolis R. R. Co.* v. *Bradshaw*, 6 Ind. 146.

Now, looking at the amendments of sections 24 and 25, it seems to us clear that they entirely superseded and took the place of the original sections, and by implication repealed them. Then, according to the common law, when these amendatory provisions were repealed, the repeal operated as a revivor of the original sections. The doctrine is the same where the repeal is by implication only. *Lindsay* v. *Lindsay, supra*. Hence, if the original sections were repealed by implication only, they were revived by the repeal of the statute that impliedly repealed them.

It is insisted by the appellant, however, that the common law rule above mentioned has been abrogated in this State, and reference is made to 2 G. & H. 336, sec. 802, and 338, sec. 2. The first section cited provides, that " all laws inconsistent with the provisions of this act are hereby repealed; but the repeal shall not operate to revive any former act." This section is a part of the code, and the only purpose of the provision was to effectuate the repeal and to prevent the repeal from reviving any act repealed by any act thereby repealed. It is found under the sub-title of " Rules of Construction and Repeal of Statutes," and the article contains rules of construction as well as the above quoted repealing clause.

The next section cited is contained in another statute, enti-

tled "an act in relation to the construction of statutes and the definition of terms." The first section of this statute prescribes several rules for the construction of all statutes, and the second section is as follows:

"The foregoing rules of construction and definitions of terms shall be in addition to, and part of those adopted in the code of civil practice, and together with those shall apply to all statutes or acts of the legislature."

The repealing clause in the section above set out is neither a rule of construction nor a definition of terms. It was a simple repeal and a provision that that repeal should not revive any former act. It was not intended to extend beyond the case provided for, or to change the common law rule, except as to the repeal therein provided for. We are of opinion, that the provisions above quoted do not change the common law rule.

We are of opinion, therefore, that the cases of *Leard* v. *Leard*, and those following it, were correctly decided in respect to the point now under consideration, on the principle that the repeal of the amendatory statute operated to revive the former statute. From these considerations, it follows that the judgment below was right and must be affirmed.

The judgment below is affirmed, with costs.