No. 7332.

ARMSTRONG ET AL. *v.* CAVITT ET AL.

DESCENTS.—*Second or Other Subsequent Wife.*—*Life-Estate.*—The proviso in section 24 of the statute of descents (section 2487, R. S. 1881) limits the right of a second or other subsequent wife in the lands of the husband, who has no children by her but has children alive by a previous marriage, to an estate in fee for her life only in her share of such lands.

SAME.—*Creditors of Husband.*—Such share of such second or other subsequent wife, in the lands of her husband, is held by her during her life, and, upon her death, descends to his children by a previous wife, free from all demands of his creditors.

SAME.—*Power of Administrator.*—*Petition for Sale of Real Estate.*—*Orders of Court.*—*Jurisdiction.*—*Estoppel.*—In March, 1866, A. died intestate, the owner in fee simple of certain real estate, leaving S. A., his widow by a second marriage, and the plaintiffs, his children by his first wife, as his heirs at law. At the October term, 1866, of the court of common pleas, the administrator of A.'s estate filed his petition for an order to sell all of said real estate, for the payment of the decedent's debts, of which petition notice was duly given, in the mode prescribed by law. Upon the hearing, the widow, S. A., made default, and the plaintiffs, then infants,

Armstrong *et al. v.* Cavitt *et al.*

answered by their guardian *ad litem;* and the court then found that S. A. was the owner of a life-estate in one-third of said real estate, and ordered that the whole of said real estate be sold, subject to her said life-estate. On November 24th, 1866, S. A. consented that her interest in the real estate might be sold at the same time the decedent's interest therein was sold, under the order of the court, agreeing to take for her interest such allowance as the court might make her out of the proceeds of such sale. On February 23d, 1867, the administrator of A. sold the said real estate, in accordance with the order of the court and the consent of S. A., to one M., which sale was confirmed by the court, and a deed was ordered to said purchaser. At the next term of the court, the administrator of A. filed his petition, praying the court to declare the interest of S. A. in the proceeds of the sale of the real estate, together with her written agreement to accept a part of the money in lieu of her life-estate therein; and the court found the value of her life-estate in one-third of the proceeds to be a certain sum of money, which was fully paid by the administrator of A., under the order of the court, and accepted by S. A. in full satisfaction of her interest in the real estate. The widow, S. A., died in 1875, and from and under the said M., by regular conveyances, the defendants claimed title to all said real estate.

*Held,* that the foregoing facts constituted no defence whatever to the claim of the plaintiffs to the one-third of the real estate which, upon A.'s death, descended to S. A. in fee simple for her life only, and which, upon her death, descended in fee simple to the plaintiffs, free from all demands of the creditors of A.

*Held,* also, that the administrator of A. was not authorized by law to petition for, and the court of common pleas had no jurisdiction to order, the sale of such one-third, for the payment of A.'s debts.

*Held,* also, that the plaintiffs were not estopped, by any of the facts aforesaid, from asserting their claim and title to such one-third part of the real estate, when, upon the death of S. A., the same descended to them in fee simple.

PARTITION.—*Statute of Limitations.*—An answer to a complaint in partition, that the cause of action did not accrue within five years before the commencement of the suit, nor within two years after the plaintiffs became of full age, is bad on demurrer, for want of sufficient facts.

From the Rush Circuit Court.

*G. B. Sleeth* and *J. W. Study,* for appellants.

*L. Sexton* and *C. Cambern,* for appellees.

HOWK, J.—In this action the appellants, William B. Armstrong, Mary E. Kirkpatrick and George W. Kirkpatrick, her husband, Aaron G. Armstrong and Thomas H. Arm-

strong, the plaintiffs below, complained of the appellees, John Cavitt and Amanda Cavitt, his wife, defendants, and alleged in substance in their complaint, that the appellants, except said George W. Kirkpatrick, were the children and only heirs at law of John N. Armstrong, late of Rush county, deceased, who died intestate, on the 13th day of March, 1866 ; that, beside the appellants, the said John N. Armstrong left, surviving him, Samantha Armstrong, his widow, who was his second wife, without children, the said appellants being the children of said decedent by his first wife ; that, at the time of his death, the said decedent was the owner in fee simple of certain real estate, particularly described, in Rush county ;. that at the death of said John N. Armstrong, the one-third part in value of said real estate descended to his said widow in fee, during her natural life, and at her death to the said appellants ; that the said Samantha Armstrong departed this life on the         day of          , 1875, and that, at her death, the said undivided one-third part of said real estate descended to the said appellants, except said George W. Kirkpatrick, in equal shares in value, in fee simple ; and that the said appellee John Cavitt was then in the possession, and claimed to be the owner, of the whole of said real estate, but that, in truth and in fact, he was the owner only of the undivided two-thirds. part in value of said real estate.    Wherefore the appellants prayed that partition be made of said real estate, and their share thereof be set off to them, and for other proper relief.

The appellees answered in five paragraphs, to the fourth of which the appellants' demurrer, for the alleged insufficiency of the facts therein to constitute a defence to their action, was overruled by the court, and to this ruling they excepted. They then refused to reply to said fourth paragraph of answer, and the court rendered judgment against them, on their demurrer to said paragraph, for the appellees' costs.

In this court the appellants have assigned, as error, the decision of the circuit court, in overruling their demurrer to the fourth paragraph of the appellees' answer.

The appellees admitted, in the fourth paragraph of their answer, that John N. Armstrong died intestate, on the 13th day of March, 1866, the owner in fee simple of the real estate described in the complaint, leaving the appellants as his children and heirs at law, and the said Samantha Armstrong, his widow, by a second marriage, without children by him, and that the said Samantha had died on the     day of     , 1875, as alleged in the complaint; and the appellees averred, that Leonidas Sexton, as the administrator of the estate of said John N. Armstrong, deceased, at the October term, 1866, of the court of common pleas of Rush county, filed his petition for an order authorizing him to sell all the decedent's real estate described in the appellants' complaint, for the payment of the debts of the decedent's estate; that notice of the filing of said petition was duly given by publication thereof in a weekly newspaper, of general circulation, printed and published in Rush county, for more than three weeks prior to the time of hearing said petition, and by posting up similar notices in three public places in the township where said real estate was situate, for the same period of time; that at said October term, 1866, the said petition was presented to said court of common pleas; that a guardian *ad litem* was appointed by the court for the appellants, who were then infants, and the said guardian filed his answer to said petition; that the said Samantha Armstrong failed to appear, in person or by attorney, and was defaulted; that the said cause having been fully heard, the court found that the matters alleged in said petition were true, and that the said Samantha, as the decedent's widow, was the owner of a life-estate in one-third part of said real estate; that the court then ordered the said real estate to be sold, subject to the said life-estate of said Samantha in the one-third part thereof; that on the 24th day of November, 1866, the said Samantha consented that her said interest in said real estate should be sold at the same time that the interest of the decedent therein should be sold, under said order of said court, agreeing to take for her said interest

such allowance as said court should afterwards make to her out of the proceeds thereof; that afterwards, on the 23d day of February, 1867, said administrator sold the real estate described in appellants' complaint, being part of the lands described in said petition, in accordance with the order of said court and said consent of said Samantha, to one Samuel E. McMillan, which sale was confirmed by said court, at its February term, 1867, and upon the administrator's report of his receipt of the purchase-money, the court ordered a deed to said purchaser; that, at the May term, 1867, of said court, the said administrator filed his petition, praying the court to declare the said Samantha's interest in the proceeds of said real estate, together with her written agreement to accept a portion of the money in lieu of her life-estate in one-third part thereof, and the court found that said Samantha was entitled to an interest to the extent of one-third for life in one-third of the proceeds of said land, and that said interest was worth $513.60, which was fully paid by said administrator, under said order, and accepted by said Samantha in full satisfaction of her interest in said land; and that said McMillan conveyed said land to Abram Hackleman, who conveyed the same to Adam Pleisinger, who reconveyed the same to said Hackleman, who afterwards conveyed the same to the appellees. Wherefore the appellees said the appellants were estopped to claim any interest in said land, and they demanded judgment for their costs.

Did the court err in overruling the appellants' demurrer, for the want of sufficient facts, to this fourth paragraph of the appellees' answer? It was admitted, in said paragraph, that John N. Armstrong had died intestate, the owner in fee simple of the real estate in controversy, leaving the appellants as his children and heirs at law, and Samantha Armstrong as his widow, by a second marriage, without children by him. Upon these admitted facts, it would seem to be clear that Samantha Armstrong, upon the death of her said husband, John N. Armstrong, took her share or interest in said real estate

under the provisions of section 17 of the act of May 14th, 1852, regulating descents and the apportionment of estates, and that she held such share or interest, during her natural life, by the limited and qualified tenure prescribed in the proviso, in section 24 of the same act. This proviso reads as follows : " *Provided,* That if a man marry a second or other subsequent wife, and has by her no children, but has children alive by a previous wife, the land which, at his death, descends to such wife, shall, at her death, descend to his children." 1 R. S. 1876, p. 412.

Under the rule of descent contained in this statutory provision, and directly applicable to the admitted facts in this case, we are of the opinion that the share or interest in the real estate described in the complaint, which descended to said Samantha Armstrong, upon her death in 1875, descended to the appellants as the children and heirs at law of her deceased husband, John N. Armstrong, by his first wife. The share of said Samantha, in said real estate, was free from all demands of the creditors of John N. Armstrong, and was not liable to be made assets for the payment of his debts ; and the sale and conveyance of her share, by his administrator, though made with her written consent, and though she received a part of the purchase-money, did not defeat the rights of the appellants nor deprive them of their inheritance, upon her death, in and to her said share of said real estate. This is the construction which this court has repeatedly given to the statutory provision above quoted, and we have no doubt of its correctness, and no desire to change or disturb it. *Louden* v. *James,* 31 Ind. 69 ; *Longlois* v. *Longlois,* 48 Ind. 60 ; *Hendrix* v. *Sampson,* 70 Ind. 350.

We do not understand the appellees' counsel to controvert the correctness of the construction given by this court to the statutory provision quoted, in the cases cited ; but they earnestly insist that the appellants are estopped to maintain this action, by the proceedings had upon the administrator's petition

for the sale of all the real estate in controversy, in and by the court of common pleas of Rush county. These proceedings are fully stated in said fourth paragraph of answer. If it could be correctly said that the court of common pleas had jurisdiction of the administrator's petition, in so far as it sought to sell the interest of said Samantha Armstrong in said real estate, both as to the subject-matter and as to the persons of the appellants, then it would follow, we think, that the appellants would be estopped from instituting or maintaining this action. For, in that event, the proceedings of the court could not have been attacked collaterally, but only in a direct proceeding. This is the settled rule of law on this subject, as recognized and acted upon in numerous decisions of this court. *The Board, etc., of Lawrence Co.* v. *Hall,* 70 Ind. 469; *Hume* v. *The Little Flat Rock Draining Association,* 72 Ind. 499; *Muncey* v. *Joest,* 74 Ind. 409.

In the case at bar, however, we are of the opinion that, in so far as the administrator's petition sought the sale of Samantha Armstrong's interest in the real estate, the court of common pleas did not have, and could not acquire, jurisdiction of the subject-matter of such petition; and, in the absence of such jurisdiction, we need hardly say that its proceedings were, that far forth, *coram non judice* and wholly void. Her interest in the real estate, under the law, descended to Samantha Armstrong in fee simple free from all demands of the creditors of her deceased husband, and, therefore, was not subject to be converted into assets for the payment of his debts. The decedent's administrator had no better legal right, as it seems to us, to apply for an order to sell, or to sell, the real estate which so descended to said Samantha Armstrong, than he had to apply for such an order to sell, or to sell, the real estate of any other living freeholder in Rush county, in no manner connected with his decedent. Nor did the court of common pleas have, nor could it acquire, under the law, jurisdiction of the administrator's petition, in so far as it sought the sale of the real estate so descended to said Samantha, any more

than it would have had, or could have acquired, such jurisdiction if such petition had sought the sale of the real estate of some other living freeholder of the county, in no wise connected with his decedent's estate.

Did the court of common pleas have jurisdiction of the persons of the appellants, as defendants to the administrator's petition, in so far as said petition sought the sale of the real estate which descended to said Samantha Armstrong, as the widow of the administrator's decedent? We are of the opinion that this question ought to be, and must be, answered in the negative. It was alleged in said fourth paragraph of answer, the substance of which we have given, that, when the administrator's petition was presented to said court of common pleas, the appellants were infants, and that a guardian *ad litem* was appointed for them and filed their answer to said petition. At that time the appellants had no interest whatever in the real estate of their father, which, upon his death, descended to his widow and their step-mother, said Samantha Armstrong. They were not required to answer, and could not and did not answer, having no legal right to answer, the administrator's petition, in so far as such petition sought the sale, if it did seek such sale, of the real estate which had so descended to said Samantha Armstrong. The court then ordered that all the real estate described in said petition should be sold by the administrator, subject to what was called " the said life-estate of Samantha in the one-third part thereof." Whatever else might be said concerning said order, it is certain, we think, that it can be correctly said that the order of the court did not and could not affect, and did not purport even to affect, in any manner or to the slightest extent, the interest in the real estate then held in fee simple by said Samantha Armstrong, and which upon her death in 1875, and not before, descended to the appellants, in absolute fee simple, under the rule of descent prescribed in the above quoted proviso, in section 24 of the law of descents.

The fourth paragraph of the answer shows, that the order

for the sale of said real estate was made by the court of common pleas, at its October term, 1866. It further shows, that afterwards, on the 24th day of November, 1866, the said Samantha Armstrong consented that her interest in said real estate might be sold at the same time that the administrator made his sale, under said order of the court. But the paragraph does not show, nor is it now claimed by the appellees' counsel, that the appellants were or could have been parties to, or in any manner bound by, such consent of said Samantha for the sale of her interest only in said real estate.

It is further shown in said fourth paragraph of answer, that afterwards, at the May term, 1867, of said court of common pleas, the said administrator filed his petition, praying the court to declare the said Samantha's interest in the proceeds of said real estate, with her written agreement to accept a portion of the money in lieu of her life-estate in the one-third thereof; and that the court had found the value of her life-estate to be a certain sum of money, which was fully paid to her by the administrator, under the order of the court. It is not claimed, however, by the appellees' counsel, that the appellants were made parties to this petition of the administrator, or that they were or could have been parties to, or in any manner bound by, the said agreement of said Samantha. Armstrong. The paragraph of answer does not show that the appellants were notified in any manner of the pendency of this latter petition of the administrator, or that they were required to answer or did answer said petition, either in person or by guardian *ad litem.*

Upon the whole case, as presented by the demurrer to the fourth paragraph of the answer, it might well be doubted, as it seems to us, whether any of the proceedings had by the administrator, or by said Samantha Armstrong, or by said court of common pleas, as stated in said paragraph, did in terms affect the one-third of the real estate which descended to said Samantha, in fee simple, and which, upon her death in 1875, and not before, descended in fee simple absolute to

the appellants, beyond, perhaps, an estate for her life therein. Manifestly, however, those proceedings were so had upon the theory, the one-third of said real estate, which descended to said Samantha, so descended to her for her life only and not in fee, but that the fee simple estate therein, upon the death of said John N. Armstrong, descended at once to the appellants, as his children and heirs at law, subject to such estate for life. This theory is in direct contravention of the plain letter of the statute of descents, and can not be upheld. But in view of this theory we are clearly of the opinion, for the reasons heretofore given, that in so far as the administrator's petition sought the sale, if it did seek the sale, of the one-third of the real estate which first descended in fee to said Samantha Armstrong, and which, at her death in 1875, and not before, descended in fee simple to the appellants, the court of common pleas of Rush county, never had nor could acquire jurisdiction either of the subject-matter of the petition, or of the persons of the appellants as the defendants therein. It follows, that the appellants were not estopped by any of the proceedings or orders of said court of common pleas, upon said petition, from asserting their title to the one-third of the real estate which descended to them in fee simple, upon the death of said Samantha, in 1875, and not before her death.

The court clearly erred, as it seems to us, in overruling the appellants' demurrer to the fourth paragraph of appellees' answer.

The appellees have assigned, as a cross error, the decision of the circuit court in sustaining a demurrer for the want of sufficient facts, to the fifth paragraph of their answer.

In this paragraph the appellees alleged, in substance, that, on the 23d day of February, 1867, the real estate described in the complaint was sold to one Samuel E. McMillan, by order of the court of common pleas of Rush county, on an application filed by the administrator of John N. Armstrong, who was the father of the appellants, for the payment of the debts

of said decedent; that the appellants were served with notice of said proceedings according to law, and appeared and answered said petition, and that said sale was confirmed by said court on the —— day of February, 1867; that said McMillan conveyed said land to Abram Hackleman, who conveyed the same to Adam Pleisinger, who reconveyed the same to said Hackleman, who conveyed the same to the appellees. Wherefore the appellees said that the cause of action mentioned in the appellants' complaint did not accrue within five years before the commencement of this action, nor within two years after the appellants became of full age; and they demanded judgment for costs and all proper relief.

It will be observed that this paragraph of answer in no manner controverts any of the allegations of the appellants' complaint. In such a case, section 74 of the civil code of 1852 provides, that "Every material allegation of the complaint, not specifically controverted by the answer, * * * shall, for the purpose of the action, be taken as true." 2 R. S. 1876, p. 71. In determining the sufficiency of the fifth paragraph of the answer, in this case, it must be construed in connection with the allegations of the complaint, which, for such purpose, except as to dates, must "be taken as true." *Nicholson* v. *Caress*, 59 Ind. 39; *Caress* v. *Foster*, 62 Ind. 145; *Albert* v. *The State, ex rel.* 65 Ind. 413; *Earle* v. *Peterson*, 67 Ind. 503; *Cole* v. *Wright*, 70 Ind. 179; *Matter* v. *Campbell*, 71 Ind. 512.

Thus construing the fifth paragraph of answer, we have no difficulty in reaching the conclusion that it did not state facts sufficient to constitute a defence to the appellants' cause of action. For, in their complaint, the appellants alleged certain facts which showed beyond doubt that one-third of the real estate had descended in fee, upon the death of John N. Armstrong, to his second wife, Samantha Armstrong, free from all demands of his creditors, and that, therefore, his administrator had no legal right to ask, and the court of common pleas had no jurisdiction to order, the sale of said one-

third of said real estate for the payment of said decedent's debts. Further facts were alleged in the complaint which clearly showed that the appellants never had any title whatever to the said one-third of said real estate until it descended to them in fee simple, under the law, upon the death of said Samantha Armstrong in 1875. This was the case made by the complaint, which must " be taken as true," except as to the dates named therein, in determining the sufficiency of the fifth paragraph of answer, as a defence to such case. We are clearly of the opinion that this fifth paragraph did not state facts sufficient to constitute any defence to the appellants' cause of action, as stated in their complaint. It follows, therefore, that the court committed no error in sustaining the demurrer to the fifth paragraph of answer.

The limitation pleaded by the appellees in the fifth paragraph of their answer was wholly inapplicable to the cause of action stated in the complaint. The appellants sued to obtain the partition of certain real estate, of which they claimed to be the owners in fee simple of the undivided one-third part, by descent cast upon them on the death of Samantha Armstrong. It is certain that the limitation of five years, pleaded by the appellees, was no sufficient bar to the appellants' cause of action. *Jenkins* v. *Dalton,* 27 Ind. 78; *Nicholson* v. *Caress,* 59 Ind. 39; *Schori* v. *Stephens,* 62 Ind. 441.

The judgment is reversed, at the appellees' costs, and the cause is remanded, with instructions to sustain the demurrer to the fourth paragraph of answer, and for further proceedings not inconsistent with this opinion.