Caywood *et al. v.* Medsker.

---

No. 8516.

CAYWOOD ET AL. *v.* MEDSKER.

DESCENTS.—*Married Woman.*—*Statute Construed.*—*Sheriff's Sale.*—*Interest of Wife in Husband's Land Sold on Execution.*—*Case Distinguished.*—The sale of a husband's lands to satisfy a judgment, by which his wife is not bound, vests in her, by virtue of the statute (R. S. 1881, section 2508), one-third of the land in fee simple, as against the purchaser, though she have no children by such husband, and he have children by a previous marriage. *Hendrix* v. *Sampson,* 70 Ind. 350, distinguished.

From the Hendricks Circuit Court.

*S. T. Hadley* and *J. O. Parker,* for appellants.

*L. M. Campbell, D. V. Burns* and *C. S. Denny,* for appellee.

MORRIS, C.—This suit was brought for the partition of real estate.

The appellee alleges in his complaint, that he is the owner in fee of certain real estate situate in Hendricks county, and particularly described in the complaint; that the land was owned by one William O. Parker, against whom the State of Indiana, on the relation of Albert A. Barnes, obtained a judgment in the Hendricks Circuit Court; that an execution was duly issued on said judgment, directed to the sheriff of said county and by him duly levied upon the land described in the complaint, and that, on the 18th day of August, 1877, said sheriff, by virtue of said execution and levy, duly sold said land at public sale to the said Barnes, and delivered to him a certificate of purchase for the same; that said Barnes assigned and transferred said certificate to the appellee, and that, said land not having been redeemed from said sale within the time allowed therefor by law, the said sheriff duly conveyed the same to the appellee; that Elizabeth Parker, one of the appellants, was then and is still the wife of the said William O. Parker; that she was not a party to nor bound by the judgment upon which said land was sold; but that she is the second wife of the said William O. Parker, and has no child by him, and is now beyond the age and period of life at which it is possible for her to bear or have children, but that the said William O. Parker has children living by a former wife, now deceased, who are made parties defendants; that William O. Parker and Elizabeth Parker are still in possession of said premises, and have held possession of the same ever since said sale was made by said sheriff to said Barnes, and have received the rents thereof, which were worth $500. It is also stated that Elizabeth Caywood, Julia Hufford, John A. Hufford, John W. Parker, Jacob Parker, Henry L. Parker and Israel Hendrickson, as the appellee is informed and believes, claim to have and assert some right in or title to said land, which constitutes a cloud upon his title thereto. The appellee prays that he may be declared the owner in fee of said land, subject

only to the life-estate of the said Elizabeth Parker in one-third part thereof; that one-third part of said land in value may be set off to the said Elizabeth Parker for and during her life, and two-thirds thereof to him, and that his right to the one-third thereof, after the death of the said Elizabeth Parker, be declared. The defendants were all served with process.

The appellee Elizabeth Parker appeared and moved the court to strike out portions of the complaint. The motion was overruled. The other defendants, except William O. Parker and Israel Hendrickson, also appeared and moved the court to strike out portions of the complaint; this motion was also overruled.

The defendants William O. Parker and Israel Hendrickson made default. The other defendants demurred to the complaint; the demurrer was overruled.

The appellants, Elizabeth Parker, Elizabeth Caywood, Julia Hufford, John W. Parker, Jacob Parker and Henry L. Parker, filed an answer in one paragraph, alleging that the said Elizabeth Caywood, Julia Hufford, John W. Parker, Jacob Parker and Henry L. Parker are children of the defendant William O. Parker by a former wife, now deceased, and that the defendant Elizabeth Parker is now the second wife of the said William O. Parker; and they pray the court to order and decree upon the final hearing of said cause, that one-third in value of the land described in the complaint be assigned and set apart to the said Elizabeth Parker during her life, and at her death to go in fee simple to the defendants Elizabeth Caywood, Julia Hufford, John W. Parker, Jacob Parker and Henry L. Parker, as the children of said William O. Parker.

To this answer the appellee replied, denying all the allegations therein inconsistent with the averments of the complaint.

The cause was submitted to the court for trial; the court found that the appellee was the owner in fee of said real estate, subject only to to the life-estate of Elizabeth Parker, the widow of William O. Parker, in one-third thereof, and against

the other appellants. The court adjudged that partition of the land be made pursuant to its finding; that one-third thereof in value be set off in severalty to said Elizabeth Parker for life, and that the other two-thirds be set off to the appellee; that he was entitled to the immediate possession of the same, and to the possession of the one-third to be set off to said Elizabeth Parker upon her death. Commissioners were appointed, who reported that they had made partition, etc., which report was duly acknowledged and approved and confirmed by the court.

The appellants moved for a new trial; the motion was overruled.

The rulings of the court upon the motions to strike out parts of the complaint, the overruling of the demurrer to the complaint, and the overruling of the motion for a new trial, are assigned as errors.

The counsel for the appellants say : " Under the errors assigned, the only question in the case is, what interest under the law does a purchaser at sheriff's sale, having received a deed, take in the land of a married man as against the wife of such married man, where that wife is one with no children by him, there being children alive by a former wife, and as to what such purchaser takes as against such children ? "

The act of 1875, upon the sale of the interest of William O. Parker in the land described in the complaint, gave to his wife, Elizabeth Parker, the same interest, as against his creditors, that she would have taken in the land had he died at the time of the sale. What would she have taken as against the creditors of William O. Parker had he then died? The language of this court, per FRAZER, J., in the case of *Louden* v. *James,* 31 Ind. 69, answers this question fully and satisfactorily. The court say, after referring to the case of *Martindale* v. *Martindale,* 10 Ind. 566, and *Rockhill* v. *Nelson,* 24 Ind. 422 :

" But the question now here is altogether different. It is not, what does the widow take as against children of the in-

testate? but it is, what does she take as against his creditors? The statute answers this question so plainly and expressly that there seems to be no room for construction. ' If a husband die testate, or intestate, leaving a widow, one-third of his real estate shall descend to her in fee simple, *free from all demands of creditors.*' 1 G. & H. 294, sec. 17. And then the language of the proviso to the 24th section is equally plain, that this fee simple which, as against creditors, the second wife without children takes on the death of her husband, 'shall at her death descend to his children.' Language so plain can not be disregarded. That construction which attempts to make words mean what they plainly do not import, is but another name for a judicial invasion of that domain in the government of the State which the constitution has, in the clearest terms, confided exclusively to the legislative department. That it was intended by the statute to put beyond the reach of general creditors one-third in fee simple of the real estate (not exceeding ten thousand dollars) of a decedent leaving a surviving widow, can hardly be a debatable proposition. That of this third the childless second wife took only an estate for life as against children of a former marriage, was a conclusion deduced altogether from the provision that upon her death that land should go to the children of the deceased husband. The further conclusion, now sought to be drawn, that upon the death of the wife it shall be liable to sale for the payment of the husband's debts, does not follow—indeed, it is utterly inadmissible, and would be in palpable violation of the express words of the statute."

We adhere to this decision as a sound exposition of the law. Conceding, what will hardly be denied, that it is competent for the Legislature to give to the second or subsequent wife, having no children, one-third of her husband's real estate in fee, and to constitute the children of the deceased husband her heirs as to such land, the conclusion reached by Judge FRAZER seems to be unavoidable.

We are referred to the case of *Hendrix* v. *Sampson,* 70

Ind. 350, as settling the law upon this subject the other way. The facts in this case are not quite the same as in the case before us. The land had been sold and conveyed in the lifetime of the husband upon an execution against him, and prior to the act of 1875. The surviving widow brought an action for partition against the purchaser, alleging that upon the death of her husband she took, under section 27 of the descent law, 1 R. S. 1876, p. 413, one-third of the land in fee simple. It was held by a majority of the court, WORDEN and NIBLACK, JJ., dissenting, that she did not, as against creditors, take a fee, but a life-estate only. In the case now before us, by virtue of the statute of 1875, Mrs. Parker takes just as she would had William O. Parker died the owner of the land at the time the sale was made. She must, therefore, be deemed to have taken under section 17, which expressly declares that, as against creditors, she shall take a fee simple, free from their claims, and not under section 27, which contains no such express declaration. The cases are not necessarily in conflict. We are not disposed to extend the latter so as to embrace the question now before us. We think the judgment below should be reversed. *Armstrong* v. *Cavitt*, 78 Ind. 476.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be reversed, at the costs of the appellee.

### ON PETITION FOR A REHEARING.

MORRIS, C.—The appellee has filed an earnest petition for a rehearing. He insists that the court erred in holding that, by his purchase of the real estate in dispute at sheriff's sale, he is entitled to hold but two-thirds of it.

Elizabeth Parker was the second wife of the judgment debtor, William O. Parker. She had no children by him, and had, as seems to have been admitted by all parties, attained an age which rendered it impossible that she should have children. The judgment debtor had children by a former wife. The judgment upon which the land was sold did not order it to be sold, nor was the debtor's wife a party to it.

The appellee contends that by his purchase he became the owner of the land in fee, subject only to the life-estate of Elizabeth in one-third of it, which, it is admitted, may be set off to her under the act of 1875.

The appellants contend, and so we decided, that upon the death of William O. Parker, Elizabeth, the second, childless wife, would take, as against the creditors of her husband, one-third of said land in fee, which would, at her death, descend to his children by the former marriage; and that, under the statute of 1875, she took, upon the sale to the appellee, the same estate in the land that she would have taken had her husband then died. This last proposition is not questioned; but the appellee insists that the wife took only a life-estate, not a fee, as against the husband's creditors.

Aside from judicial construction, the 17th section of the law of descents, 1 R. S. 1876, p. 411, would seem to settle the question adversely to the appellee. The language is: " If a husband die testate, or intestate, leaving a widow, one-third of his real estate shall descend to her in fee simple, free from all demands of creditors." This language is so clear and emphatic—not only giving one-third of the land to the widow in fee, but declaring it free from all demands of creditors— as to forbid construction. But this section is to be considered and read in connection with the proviso to the 24th section, p. 412. If we read them together they stand thus:

" If a husband die testate, or intestate, leaving a widow, one-third of his real estate shall descend to her in fee simple, free from all demands of creditors: *Provided,* That if a man marry a second or other subsequent wife, and has, by her, no children, but has children alive, by a previous wife, the land which, at his death, descends to such wife, shall, at her death, descend to his children." It is obvious that this proviso does not conflict with the preceding clause. It gives additional emphasis to it. The children, at the widow's death, take from her just what she took from her husband at his death. If she did not take a fee, the children could not; in-

deed, if she did not take a fee, they could take nothing. The cases to which the appellee referred, and which will be noticed presently, hold that the children do take a fee.

The case of *Louden* v. *James*, 31 Ind. 69, decided in 1869, and never questioned till now, holds, in accordance with the statute, that the second, childless wife takes a fee, free from the demands of creditors. It has been the law and the rule of property until the present. It ought not to be lightly disturbed or departed from.

The appellee says it was not attempted to reconcile this case with those of *Martindale* v. *Martindale*, 10 Ind. 566, *Ogle* v. *Stoops*, 11 Ind. 380, and *Rockhill* v. *Nelson*, 24 Ind. 422. This is true, but such an attempt was not made for the reason, as stated by Judge FRAZER, that there was nothing to reconcile. In all these cases the question arose between the widow and the children of the husband by a former wife.

The question was, what estate had she as against them? Was she obliged to hold the fee so that at her death the children could take the fee that descended from the husband to her? The court held that the children took the fee, and that the wife, as against them, took, practically, a life-estate. In none of these cases did the question decided in *Louden* v. *James*, *supra*, arise. Nor is there any conflict in these cases. As before remarked, by holding that the children took a fee, the court, in all these cases, impliedly held that the wife took and held the fee in trust for them. The case of *Longlois* v. *Longlois*, 48 Ind. 60, where the question was, as in *Martindale* v. *Martindale*, *supra*, between the widow and the children of the husband by a former wife, Judge WORDEN cites the case of *Louden* v. *James*, *supra*, as confirming and approving the case of *Martindale* v. *Martindale*, *supra*, and not as in conflict with it. The case of *Louden* v. *James*, *supra*, is the only one in which the precise question here presented, has been decided. It has been acquiesced in for many years and accepted as the law of the State.

It is insisted that the case of *Hendrix* v. *Sampson*, 70 Ind.

.350, is in conflict with the case of *Louden* v. *James, supra,* and should be regarded as overruling it. As we find the latter referred to in the former case with apparent approval, it could hardly be said that it was intended to overrule the case of *Louden* v. *James, supra.* We think the latter case states the law. See the cases of *Christy* v. *Smith,* 80 Ind. 573, and *Armstrong* v. *Cavitt,* 78 Ind. 476.

PER CURIAM.—The petition is overruled.