No. 10,282.

## THE CITY OF VINCENNES ET AL. *v.* CALLENDER.

CITY.— *Corporate Powers.— Water-Works.— Contract with Water Company.—* The act of March 25th, 1879, to authorize cities and incorporated towns to construct, maintain and operate water-works, etc. (secs. 3265 to 3285, R. S. 1881), does not repeal either in terms or by implication the 26th clause of sec. 3106, R. S. 1881, which provides, in effect, that the common council of an incorporated city may authorize any incorporated company or association to construct water-works, and that, in such case, the city may become part stockholder in any such company or association. Therefore, the contract of the city with the water company is not *ultra vires* and void.

From the Daviess Circuit Court.

*F. W. Viehe* and *R. G. Evans*, for appellants.

*O. F. Baker, G. G. Reily, W. C. Johnson* and *W. C. Niblack*, for appellee.

HOWK, J.—In this action, the appellee, the plaintiff below, alleged in substance in his complaint, that he was a resident of the city of Vincennes, a city incorporated and existing under the general laws of this State for the incorporation of cities, and was the owner of property in said city, subject to taxation for all purposes connected with, or growing out of, the city government of such city; that the city was then, and on the 14th day of November, 1881, a city of less than forty thousand inhabitants, to wit, of a population not exceeding ten thousand; that on the 14th day of November, 1881, the city of Vincennes, by its common council, at the request, procurement and solicitation of the defendants Swift and Gray, in the form of, and purporting to be, an ordinance of the city, passed at a due and regular meeting of its common council, granted to said Swift and Gray, and their assigns, and to any company thereafter, certain franchises, privileges, powers and immunities, hereinafter specified and mentioned; that the ordinance referred to was entitled "An ordinance for the erection and maintenance of water-works in the city of Vin-

cennes, Knox county, Indiana ;" that the parts of this ordinance, material to the questions in controversy in this case, were substantially as follows :

"Section 1. In consideration of the benefits, which will result to the city of Vincennes and its inhabitants from the erection and operation of water-works, there is hereby granted to Carroll E. Gray and William H. Swift, both of the city of St. Louis and State of Missouri, their associates, successors and assigns, the exclusive privilege of establishing, maintaining and operating water-works, and the construction of stand-pipes, reservoirs and other works and buildings necessary and sufficient in size for the operation of said works, and also the laying of mains, conduits and pipes, and the placing of fire hydrants in and along all streets, avenues, alleys and public grounds of the city of Vincennes, as the same now exists or may hereafter be extended, for supplying water, suitable for domestic and other purposes, for the term of fifty years from and after the completion of the works.

"Section 17. The said grantees shall, within sixty days from the passage of this ordinance, file with the city a written acceptance of the terms, obligations and conditions herein set forth, and, after the date of the filing of such acceptance, this ordinance shall be the measure of the rights and liabilities of said city and said water company. Said grantees, or their assigns, shall, within ninety days from the date of such acceptance, commence in good faith the construction of the said water-works, and diligently prosecute the same to completion and successful operation, within twelve months therefrom ; and in the event of failure to so complete said works, unless longer time for such completion be granted by the city council, said grantees or their assigns shall forfeit all exclusive rights herein granted.

"Sec. 18. And said Gray and Swift, and their associates or assigns, may organize as a corporation under the laws of the State of Indiana, provided they do so within sixty days from and after the passage of this ordinance, and said corporation

may accept the provisions of this ordinance; and, when so accepted by said corporation, this ordinance shall be the measure of the rights and liabilities of said city and said corporation."

The appellee further alleged that the city of Vincennes (at the request and procurement of said Swift and Gray) made and entered into such alleged contract, whereby the city had assumed to grant and uphold the franchises, set out in said ordinance, to said Swift and Gray, and to pay them and their assigns for supplying the city with water for fire protection, at the rate of $62.50 annually, for the period of fifty years, for each hydrant so to be placed by them in said city; that, by the terms of said ordinance, the city of Vincennes assumed to grant to said Swift and Gray and their assigns the exclusive right to furnish water to the citizens of Vincennes, without in any way requiring the water to be wholesome or fit for use; that said ordinance was wrongful and oppressive, and would result in great injury to the appellee and the citizens, in this: it did not require Swift and Gray or their assigns to furnish the citizens pure or wholesome water, nor water for manufacturing purposes. The provisions of the ordinance would entail an additional tax of at least $9,000 annually for its alleged fire purposes, upon the property in the city. Appellee further said that, subsequent to the passage of said ordinance, to wit, on December 27th, 1881, the defendants Swift, Gray and Watson entered into alleged articles of association, styling themselves " The Vincennes Water Company," and filed said articles and duplicates in the recorder's office of Knox county, and in the office of the Secretary of State, by the terms of which they assumed to be a corporation, organized under the laws of this State, for the purpose of carrying out the terms of said ordinance; and these were the only acts of incorporation done and performed by said defendants, or by any other person, in the premises; that on the same day, but subsequent to the assumed organization of said corporation, said Swift and Gray executed to said pretended corporation a pretended

assignment of the rights and privileges so granted to them by the terms of said ordinance; that thereupon, on the same day, the pretended corporation filed in the office of the clerk of the city of Vincennes a notice in writing, that such corporation accepted the said ordinance, and thereby claimed the benefits and franchises therein contained; that such pretended corporation claimed that all rights and franchises so granted by said city to Swift and Gray had thus passed and enured to said corporation.

The appellee further said that the ordinance aforesaid and all its provisions, and each and every stipulation, grant and contract contained therein, were illegal, invalid and void, and the same were wrongful and oppressive, and would work great injury to appellee in this, to wit:

1st. The city of Vincennes was, on November 14th, 1881, and since, a city of only 10,000 inhabitants; there had never been any election of the voters of the city, at which the question of building water-works in said city had been voted upon; and there had never been a majority of ballots, of any election in said city, in favor of building water-works.

2d. Said Swift and Gray were not of themselves, or with any other person or persons, at said day or any other day prior to December 27th, 1881, an incorporated company or association, under the laws of this State, for the purpose of supplying said city with water; and there was not, at November 14th, 1881, when said ordinance was passed, any legal authority under which the common council of such city could pass such ordinance; nor was there any law of this State authorizing the incorporation of a company or association for the purpose of erecting, carrying on or owning water-works, at that date or at any subsequent time.

3d. The city of Vincennes had no legal power, nor had its common council at said date or since, to contract and agree with Swift and Gray, or with their assigns, the Vincennes Water Company, to pay from the funds of said city or its revenues raised by taxation, or in any other manner, any money

The City of Vincennes *et al. v.* Callender.

whatever for the erection of water-works, or the supplying the city with water, except upon a vote in favor of supplying the city with water by the legal voters of the city. The city of Vincennes had no money or funds on hand out of which the costs of maintaining the water-works could be paid, except as loans were made to the city from time.to time, in anticipation of revenues to be raised by taxation; and the amount required under said ordinance, for the payment of the sum agreed to be paid for fire purposes, would .largely increase the rate of taxation upon the property in said city, to wit, at least $3 upon each $1,000 dollars annually; and such additional tax would impose upon the appellee and other citizens of said city, costs and burdens which would be illegal and wrongful.

And the appellee said that the acts done and to be done by the defendants in the premises would wrong and oppress him and all other inhabitants and tax-payers of said city, in this:

1. They will unjustly increase the rate of taxation in said city, a ratable proportion of which would be assessed on appellee's property;

2. They would interfere with and prevent the city from establishing works for supplying the inhabitants with wholesome water for fifty years then to come;

3. By obstructing the streets they would interfere with the free use thereof for a long period of time;

4. They would unlawfully divert the revenues of the city from legal and proper purposes to improper and illegal uses, and to private gains and profit; wherefore, etc.

The cause was put at issue and tried by the court, and a finding was made for the appellee, and over appellants' motion for a new trial, the court rendered judgment on its finding for the relief demanded in appellee's complaint.

The city of Vincennes has been notified of this appeal by its co-defendants, and has appeared and declined to join in the appeal in this court. Errors are assigned here by the only appellants The Vincennes Water Company and Edward Watson, upon the decisions of the trial court in overruling their

separate demurrers to appellee's complaint, and in overruling their joint motion for a new trial.

The adoption of the ordinance set out in appellee's complaint, and the acceptance of its provisions by the appellant, the Vincennes Water Company, constituted a contract between it and the city of Vincennes, if the common council of such city were authorized by law to pass such ordinance. Appellants' counsel say: " The power of the city to enter into a contract with a corporation for the erection of water-works, and for supplying the city and its inhabitants with water, will be questioned. We maintain that it had this power; and, as we understand, counsel on the other side will claim that the city had no such power, but that it can be supplied with water only by erecting works, as provided in the act of 1879, authorizing cities to erect water-works."

Appellee's counsel also say: " The question is not whether the city council acted wisely or prudently, but whether it had the right to act at all in the manner complained of. It is conceded that the city, upon compliance with certain terms of the law, may erect, own and maintain water-works. The question here is: Can it authorize private parties to construct, maintain and own the works, and contract with them for the supply of water?" And again: "As appellants and appellee agree that the only question for the consideration of the court is one of corporate power—a claim upon our part that the franchise asserted by appellants, as a grant from the city, is *ultra vires*—an examination into the legislation upon this subject must end in its solution."

From these extracts from the briefs of learned counsel, as well of the appellee as of the appellants, it will be readily seen, we think, that the question for decision depends for its proper determination upon the construction which must be given to the statutory provisions in relation to water-works, in force at the time of the passage of the ordinance by the common council of the city of Vincennes, and of its acceptance by the Vincennes Water Company. The earliest legislation of this

State in relation to water-works, to which our attention has been directed, is the *twenty-third* clause of section 35 of the general law of June 18th, 1852, for the incorporation of cities, which authorized the common council, by ordinance, " To construct and establish works for furnishing the city with wholesome water, and for that purpose may go beyond the city limits, and exercise full jurisdiction, and all necessary powers therefor." 1 R. S. 1852, p. 211. This clause was re-enacted in the same language, as the 26th clause of section 35 of the act of March 9th, 1857, for the incorporation of cities. 1 G. & H. 225. In the act of December 20th, 1865, for the incorporation of cities, the 26th clause of section 34 conferred upon the common council the power to pass ordinances, " To construct and establish works for furnishing the city with wholesome water, and for that purpose, or for the purpose of drainage of such city may go beyond the city limits, and condemn lands and materials, and exercise full jurisdiction and all necessary power therefor, or the common council may authorize any incorporated company, or association, to construct such works, and in such case the city may become part-stockholder in any such company." Acts 1865, Spec. Sess., p. 17. The clause last quoted was substantially re-enacted as the 26th clause of sec. 53 of the act of March 14th, 1867, for the incorporation of cities, and again in the act of March 10th, 1873, amending said section 53; which said amended section 53 is now section 3106, R. S. 1881.

By an act approved March 11th, 1861, section 1 of the act of May 20th, 1852, for the incorporation of manufacturing and other named companies, was so amended as to authorize " three or more persons " to form an incorporated company, " to supply any city or village with water." This amended section 1 was amended December 27th, 1872, and the latter amended section was also amended by an act which took effect August 24th, 1875, and this last amended section is still in force, and is section 3851, R. S. 1881. In each of these

amended sections provision was made for the incorporation of companies " to supply any city or village with water."

On the 25th day of March, 1879, an act was approved and became a law, entitled "An act to authorize cities and incorporated towns to construct, maintain and operate water-works; issue and sell bonds to pay for such construction, repealing all laws in conflict with this act, and declaring an emergency." This act is still in force. Sections 3265 to 3285, R. S. 1881. The provisions of the act relate exclusively to the erection, maintenance and operation of water-works by cities and incorporated towns. The act, by its terms, repealed " all laws and parts of laws in conflict with this act." The question for decision is this: Does the act repeal by implication the 26th clause of section 3106, R. S. 1881? The closing sentence of this 26th clause reads as follows: " The common council may authorize any incorporated company or association to construct such works; and, in such case, the city may become part stockholder in any such company or association." If this sentence contained all the power or authority conferred upon a city in relation to water-works, it is clear, we think, that the provision in question would not authorize any city or incorporated town " to construct, maintain and operate water-works." We are of the opinion, therefore, that the above entitled act of March 25th, 1879, does not repeal either in terms, or by implication, the express power conferred upon cities in the closing sentence of the 26th clause of section 3106, R. S. 1881, to authorize by ordinance any incorporated company or association to construct water-works " for furnishing the city with wholesome water." Certainly, there is no express repeal of this power, and repeals by implication are not favored. The repugnancy between the provisions of two statutes must be so clear that they can not be reconciled, before it can be said that the later statute repeals by implication the former law *Longlois* v. *Longlois*, 48 Ind. 60; *State* v. *Christman*, 67 Ind 328; *Chamberlain* v. *City of Evansville*, 77 Ind. 542.

Here there is no such repugnancy between the older and the later statute. The power of a city to authorize by ordinance an incorporated company to construct water-works for supplying it with water is widely different from the power conferred by the aforesaid act of March 25th, 1879. Between these two powers there is no inconsistency, or, at least, none which would prevent their co-existence, or require that the conferring, or, rather, enlarging, the later power should repeal, by implication, the power conferred by the older law. Sec. 3851, R. S. 1881, fully authorized, we think, the incorporation of the Vincennes Water Company.

From what we have said, and from the statutory provisions quoted, the conclusion must follow that, under the laws in force at the time, the city of Vincennes had the power, by ordinance, to " authorize private parties to construct, maintain and own the works, and contract with them for the supply of water." Appellee's counsel concede that " whether the city council acted wisely or prudently," in the passage of the ordinance, is not the question for decision in this case; and we have not considered, and express no opinion, on this question. The only question we consider and decide is this, that the action of the common council of the city of Vincennes, in the passage of the ordinance set out in the complaint, was authorized by law, and is not, therefore, *ultra vires* and void. Or, in other words, we decide that the power conferred upon cities by the act of March 25th, 1879, " to construct, maintain and operate water-works," does not expressly or impliedly deprive such cities of their pre-existing and co-existing power and right to " authorize any incorporated company or association to construct such works," for " furnishing the city with wholesome water."

Upon the case as here presented by the briefs of counsel, we are of the opinion that the court erred in overruling the demurrers of the appellants, and each of them, to the appellee's complaint; and for this error the judgment below must be reversed.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the appellants' demurrers to the complaint, and for further proceedings not inconsistent with this opinion.

NIBLACK, J., took no part in the consideration or decision of this case.